MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF NEW YORK | |
|---|---|---|
| Name of Movant    Paul M. Daugerdas | Prisoner No.    #62444-054 | Case No. 09-cr-581 |

| Place of Confinement |
|---|
| Federal Correctional Institution, P.O.Box 1000, Milan, Michigan. 48160 |

| UNITED STATES OF AMERICA | V. | PAUL M. DAUGERDAS |
|---|---|---|
| | | (name under which convicted) |

**MOTION**

# 18CV0152

1. Name and location of court which entered the judgment of conviction under attack

   United States District Court, Southern District of New York (Foley Square), Honorable William H. Pauley III.

2. Date of judgment of conviction
   6/25/2014

3. Length of sentence
   180 months

4. Nature of offense involved (all counts)  Count One: Conspiracy 18 USC §371; Count Five: Tax Evasion 26 USC §7201; Count Six: Tax Evasion 26 USC §7201; Count Seven: Tax Evasion 26 USC §7201; Count Eleven Tax Evasion 26 USC §7201; Count Thirteen Obstruction & Impedement 26 USC §7212(a); Count Seventeen: Mail Fraud 18 USC §1341.

5. What was your plea?  (Check one)
   (a) Not guilty   [X]
   (b) Guilty   [ ]
   (c) Nolo contendere   [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury   [X]
   (b) Judge only   [ ]

7. Did you testify at the trial?
   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [ ]

9. If you did appeal, answer the following:

(a) Name of court  United States Court Of Appeals For The Second Circuit.

(b) Result  Judgment of district court affirmed.

(c) Date of result  October 22, 2015

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  United States Supreme Court.

(2) Nature of proceeding  Petition For Writ Of Certiorari

(3) Grounds raised  Certiorari denied.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court  N/A

(2) Name of proceeding

(3) Grounds raised

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5)  Result

N/A

(6)  Date of result

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1)  First petition, etc.     Yes ☐ . No ☐
(2)  Second petition, etc.   Yes ☐   No ☐          N/A

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: My trial counsel was ineffective for entering into an agreement/stipulation to extend the statute of limitations and advising me to sign the stipulation extending the statute of limitations and waiving any statute of limitations defense.

Supporting FACTS (state *briefly* without citing cases or law):

SEE SUPPORTING FACTS FOR GROUND ONE ON ADDITIONAL FOLLOWING PAGES.

B. Ground two:    The district court failed to make a required finding that Daugerdas "knowingly and voluntarily" entered into the stipulation agreement to extend the statute of limitations and waive any statute of limitations defense.

Supporting FACTS (state *briefly* without citing cases or law):

SEE  SUPPORTING FACTS FOR GROUND TWO ON ADDITIONAL FOLLOWING PAGES.

C. Ground three:    Appellate counsel was ineffective for failing to raise on appeal the district court's order denying defendant Daugerdas's motion to invalidate stipulation agreement.

Supporting FACTS (state *briefly* without citing cases or law):

SEE SUPPORTING FACTS FOR GROUND THREE ON ADDITIONAL FOLLOWING PAGES.

AO 243   (Rev. 2/95)

   D. Ground four:  Trial counsel was ineffective for not challenging Count
   One of the Sixth Superseding Indictment that charged a §371
   conspiracy that was filed outside the statute of limitations.

       Supporting FACTS (state *briefly* without citing cases or law):

   SEE SUPPORTING FACTS FOR GROUND FOUR ON ADDITIONAL FOLLOWING PAGES.

 * See <u>GROUND FIVE</u> and supporting facts on additional pages.

 * See <u>GROUND SIX</u> and supporting facts on additional pages.

 * See <u>Ground Seven</u> and supporting facts on additional pages.


13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
      presented, and give your reasons for not presenting them:

      All issues being raised are based on ineffective assistance
      of counsel are best raised in  motion under 2255.


14.   Do you have any petition or appeal now pending in any court as to the judgment under attack?
      Yes [ ]   No [X]

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
      herein:

      (a) At preliminary hearing   Charles Skalarsky, Jenner & Block LLP.,
          353 N. Clark Street, Chicago, Illinois. 60654

      (b) At arraignment and plea   Charles Skalarsky


      (c) At trial   Charles Skalarsky, at first trial. At second trial,
      Henry Mazurek, Esq. & Brian D. Linder, Esq.

      (d) At sentencing   Henry Mazurek, Esq. & Brian D. Linder, Esq.

(6)

(e)  On appeal      Henry Mazurek, Esq. & Brian D. Linder, Esq.


(f)  In any post-conviction proceeding      Pro-Se


(g)  On appeal from any adverse ruling in a post-conviction proceeding


16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
     Yes [ x ]    No [ ]

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
     Yes [ ]    No [ x ]

     (a)  If so, give name and location of court which imposed sentence to be served in the future:



     (b)  Give date and length of the above sentence:


     (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
          Yes [ ]    No [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.


_____
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct.  Executed on
( 2 8   U . S . C .   § 1 7 4 6 )
12/31/17
_____
Date

_____
Signature of Movant

(7)

<u>GROUND ONE:</u>    Trial counsel was ineffective for entering into an agreement/stipulation to extend the statute of limitations and advising me to sign stipulation to extend statute of limitations and to waive any staute of limitations defense.

<u>FACTS THAT SUPPORT GROUND ONE:</u>    Prior to my being indicted in this case the Government Prosecutors requested a meeting with my attorney Charles B. Sklarasky. At that meeting the prosecutors requested that my attorney Mr. Sklarasky enter an agreement to extend the statute of limitations to any criminal charges that might be brought against me under Title 26 United States Code and Title 18 United States Code §371 and waive my rights to raise any defense -- including any motion or defense realting to the statute of limitations.   FIRST STIPULATION

On or about October 10, 2006, my attorney Mr. Sklarasky brought a "STIPULATION" agreement to me and told me to sign the agreement. When I questioned Mr. Sklarasky concerning the stipulation to extend the statute of limitations he told me that I had to agree to extend the statute of limitations in order to keep the Government from indicting me. The only explination Mr. Sklarasky gave me was that "it was in my best interests to sign the stipulation agreement". Mr. Sklarasky told me not to worry about it because it was just a procedural formality that I had to agree to in order to stay in good cooperative standing with the Government Prosecutors. Mr Sklarasky did not explain what rights I would be waiving by signing the stipulation agreement. On advise from Mr. Sklarasky I signed

the stipulation agreement but did not do so knowingly, voluntarily
or intelligently because I was unaware of all the constitutional
rights I was waiving by signing the stipulation agreement.

## SECOND STIPULATION

On or about February 27, 2007, my attorney Mr. Sklarasky brought
to me a SECOND STIPULATION agreement and told me to sign it. When
I questioned Mr. Sklarasky about the stipulation he told me we just
had to do the first stipulation over again with an extended date. I
told Mr. Sklarasky I didn't understand all the lauguage of the
stipulation agreement and asked him to fully explain to me exactly
why I had to agree to the terms and sign the agreement. Mr. Sklarasky
told me "if you don't sign this agreement the Government is going
to Indicte you right now, but if you sign this I have the prosecutor's
word they will not indicte you, so you need to sign the agreement".
Not wanting to be indicted I signed the agreement without any further
explination from Mr. Sklarasky.

## THIRD STIPULATION

On or about July 13, 2007, my attorney Mr. Sklarasky brought
to me a THIRD STIPULATION agreement and told me to sign it. Mr.
Sklarasky told me the government prosecutors need more time to
investigate and they requested we further agree to extend the
statute of limitations and that it would be in my best interests.
Mr. Sklarasky advised me to sign the stipulation agreement which
I signed based on Mr. Sklarasky's advise.

## FOURTH STIPULATION

On April 7, 2008, my attorney Mr. Sklarasky brought me a FOURTH STIPULATION agreement and told me to sign the agreement. When I asked Mr. Sklarasky why I had to keep signing these stipulation agreements he told me, "this is just a game the government prosecutors are playing they are trying to gather enough evidence to enable them to prosecute other persons they are not really after you so at this point we have to go along with them so they can continue thier investigation which will exonerate you". Based on Mr. Sklarasky's advise I signed the stipulation.

## FIFTH STIPULATION

I do not remember the exact date Mr. Sklarasky brought me the FIFTH STIPULATION and told me to sign it but I do remember the agreement extended the statute of limitations covering the period from January 9, 2009 through and up to June 11, 2009. Based on Mr. Sklarasky's advise I signed the stipulation. That was the last stipulation I agreed to sign. Based on the Five Stipulations I agreed to the statute of limitations was extended June 11, 2009, and no further. The Government filed the first indictment on June 6, 2009.

## Ineffective Assistance

My attorney Mr. Sklarasky misrepresented to me that the Government prosecutors would not indict me if I cooperated by agreeing to extend the statute of limitations by signing the stipulation agreements. Mr. Sklarasky told me he had meet with the prosecutors and they had assured him they needed more time to investigate and were not seeking to indict me. Based on Mr. Sklarasky's advisements I signed the

stipulation agreements.

After the Government filed an indictment against me I was very upset with Mr. Sklarasky and asked him to explain his actions in advising me that I would not be indicted if I signed the agreement to extend the statute of limitations. Mr. Sklarasky told me that the Government prosecutors had mislead him to believe they would not indict me if I signed the stipulation agreements. Mr. Sklarasky said government prosecutors had tricked him and he in return had unintentionally given me erroneous advise. Mr. Sklarasky was very upset and told me he was going to file a motion to invalidate the Stipulation Agreements because I had not freely, knowingly or voluntairly entered in the stipulation agreements to extend the statute of limitations because he had erroneously advised me to sign the stipulations based on the government prosecutors misrepresentations to him. (See Daugerdas Reply, Dkt #155, page 3 II.).

On 06/23/2010, Mr. Sklarasky filed a motion entitled NOTICE OF DEFENDANT PAUL M. DAUGERDS' MOTION TO INVALIDATE STIPULATIONS TO EXTEND THE STATUTE OF LIMITATIONS AND TO DISMISS THE TAX EVASION AND OBSTRUCTION COUNTS. (See Dockey Entry #98). Mr. Sklarasky also filed a MEMORANDUM IN SUPPORT OF PAUL M. DAUGERDAS' MOTION INVALIDATE STIPULATIONS TO EXTEND STATUTE OF LIMITATIONS. (See Docket Enrty #99).

On 02/07/2011, the district court trial judge Honorable William H. Pauley III, issued a MEMORANDUM & ORDER denying Mr. Sklarasky's motion to invalidate stipulations to extend the statute of limitations. (See Docket Entry #297). In addressing the

(11)

merit of Mr. Sklarasky's motion to invalidate stipulations to extend statute of limitations, Judge Pauley made no findings as to Mr. Sklarasky's allegation that Daugerdas "waivers were neither knowingly nor voluntary" entered. Judge Pauley should have held a hearing to establish a record concerning the allegations that Daugerdas's stipulation to extend the statute of limitations was not knowingly or voluntarily made due to misconduct of both government and defense attorneys.

Because of the stipulations to extend the statute of limitations the Government was able to indict Daugerdas with twenty-two (22) counts of tax evasion in the original indictment returned on June 9, 2009, just two days before the stipulated extension of statute of limitations expired on June 11, 2009. Only two (2) of the twenty-two counts in the original indictment were brought within the statute of limitations for those offenses. If Daugerdas would have refused to agree to extend the statute of limitation and the Government would have went to trial on the original indictment - as it would have been forced to - no reasonable juror would have voted to convict Daugerdas on the twenty (20) counts of aiding tax evasion that were charged outside the statute of limitations and the trial court would have granted a Rule 29 motion of judgment of acquittal based on Daugerdas statute of limitations defense he would have presented.

Additionally it was the Stipulation agreement to extend the statute of limitations that allowed the Government to wait untill March 4, 2010, to obtain a Third Superseding Indictment

that added a Mail Fraud count under 18 U.S.C. §1343 and criminal fofeiture allegations under 18 U.S.C. §982(a)(2)(A). If Daugerdas would have refused to agree to extend the statute of limitations the Government would not have been able to charge and convict Daugerdas on twenty counts of aiding tax evasion and Mail Fraud. Without Daugerdas's agreement to extend the statute of limitations there would not have been a Third Superseding indictment that brought a new Mail Fraud count against Daugerdas.

## Agreeing To Extend Statute Of Limitations
## Was Not Sound Trial Strategy

It was not sound trial strategy for Mr. Sklarasky to advise Daugerdas to agree to extend the statute of limitations where over twenty (20) of the aiding tax evasion counts were already beyond the statute of limitations when the stipulations were signed by the parties. It is vertually impossible to know at the early stages of the case what the defendant will wish to do once charges are actually brought or once evidence is evaluated. Defense counsel's recommending waiver or extension of statute of limitations where there is the possibility of future trial constitutes ineffective assistance.

In the instant case Daugerdas was not even remotely advised by trial counsel or the four courners of the stipulation agreements that the signing of the agreement was a "waiver" of his fundamental right to trial on any statute of limitations defense even before he was even indicted. The stipulation agreement amounts to a pre-trial waiver of trial on any available statute of limitations

that without the Government could not have prosecuted Daugerdas on aiding income tax evasion, tax evasion and obstruction charges.

The stipulation agreement contains "implicit" waivers of right to trial on any statute of limitations defense by Daugerdas but does not contain one word about waiving these fundamental constitutional rights. Daugerdas could neither present witnesses or evidence, nor perform any cross-examination, let lone exercise his right to testify in support of any statute of limitations defense and yet the stipulations did not reveal these rights were also being waived.

The Stipulation language cannot possibly comport with the requirements that a waiver of a right to trial and its associated guarantees was a knowingly and voluntairy waiver by Daugèrdes of his rights to trial on any statute of limitations defense. The fact that Daugerdas's counsel Mr. Sklarasky filed a motion to "invaladate the agreement to extend the statute of limitations" shows that Mr. Sklarasky realized his error and ineffectiveness in agreeing to extend the statute of limitations and advising Daugerdas to sign the stipulation agreement contract.

In the instant case the enforcement of the stipulation to extend the statute of limitations works a miscarriage of justice because without the stipulated agreement Daugerdes could not have been convicted on any charges brought beyond the statute of limitations. Daugerdes did not knowingly and voluntarily agree to extend the statute of limitations because he did not fully understand the consequences of the agreement due to the fact

(14)

that he was misadvised by trial attorney and decieved by the Government attorneys.

Daugerdes requests the Court issue an order invalidating the Stipulation agreements to extend the statute of limitations and vacate his convictions and order his release from federal custody: or in the alternative order that an evidentiary hearing be conducted on the ineffective assistance of counsel claim raised here in Ground One and order the United States Attorney for the Southern District of New York to file an Answer to Daugerdes motion under 28 U.S.C. 2255. Daugerdes request the Court appoint counsel to represent him in this matter.

The motions, files and records of the case do not conclusively show that Daugerdas is entitled to no relief. The Court should conduct an evidentiary hearing to allow Daugerdas's counsel Mr. Sklarasky an opportunity to be heard concerning claims of ineffective assistance of counsel against him and to expand the record to include facts, evidence and testimony beyond the scope of the existing records of the case, from which the Court can make a reliable finding of facts and conclusion of law required pursuant to 28 U.S.C. §2255 and a reliable determinstion on the merits of Gaugerdas's 2255 claims from a competent and fully informed record.

SEE Daugerdas's Memorandum Of Law And Fact In Support Of Ground One Attached To This 2255 Motion. Also see Daugerdas's Affidavit In Support of His Motion Under 2255, Attached To This 2255 Motion.

GROUND NUMBER TWO:       The district court failed to make a
required finding that Daugerdas "knowingly and voluntarily" entered
into a stipulated agreement to extend the statute of limitations,
and waive any statute of limitations defense.

FACTS THAT SUPPORT GROUND NUMBER TWO:

Prior to indictment and trial my trial attorney Mr. Sklarasky
entered into an agreement with the Government prosecutors to extend
the statute of limitations and to waive any statute of limitations
defense. Mr. Sklarasky advised me it was in my best interests to
sign the stipulation agreements. In all I signed five seperate
stipulation agreements. Mr. Sklarasky told me to sign the stipulations
and I wouldn't be indicted. Believing what Mr. Sklarasky told me
I signed the stipulations. The the Fifth and last stipulation was
signed on 04/07/2008.

Approximately 14 months later on 06/09/2009, the Government
filed an indictment against me. Mr. Sklarasky was upset because he
told me he was mislead by government prosecutors to believe they
were not going to indict me. Mr. Sklarasky filed a Motion to Invalidate
the Stipulation Agreements and a Supporting Memorandum. See Document
#99, Filed 06/23/2010. In the INTRODUCTION of page 1 of the Supporting
Memorandum Mr. Sklarasky states, "The Government's misrepresentations
prevented Daugerdas from knowingly and voluntraily extending the
limitations period fo any of the charges against him". (Doc. #99).
Mr. Sklarasky further states, "As a results, the stipulations are
invalid and twenty-four of the twenty-eight counts Daugerdas is
charged with in the Third Superseding Indictment are time-barred

and must be dismissed. (Counts 2-9 and 11-22 Ind ¶¶ 68-69 & chart at 49-50); Count 25 for years 1994 through 2001 (Ind. ¶¶72-104); Counts 26-28 (Ind ¶¶ 110-11 & chart at 66). (Doc 99, page 1). The Court never ordered the Government to file a Response to Daugerads's motion to invalidate the stipulations and entered a MEMORANDUM & ORDER without any input from the Government. In addressing Daugerads allegations that his "waivers were neither knowingly nor voluntarily entered" the Court did not address the issue as shown by the Court's Order that states the following:

### VII. Waiver of Statute of Limitations

Daugerdas and Guerin move to invalidate stipulations they entered into with the Government extending the statute of limitations for certain tax years. They argue that the waivers were neither knowing nor voluntary because the Government concealed its intention to charge them with the conspiracies in Counts 1 and 31 and related forfeiture allegations. "Pre-trial agreements, such as cooperation agreements and proffer agreements, are interpreted according to principles of contract law." United States v. Liranzo, 944 F.2d 73, 77 (2d Cir. 1991). "Where the language of a contract is unambiguous, the parties' intent is discerned from the four corners of the contract." Liranzo, 944 F.2d at 77.

Here, Daugerdas and Guerin agreed to waive statute of limitations challenges with respect to "any possible violation of Title 26 and Title 18, United States Code, Section 371, arising from . . . involvement in rendering tax opinions for taxpayers other than [themselves]." Counts 1 and 31 allege conspiracies relating to their involvement in rendering tax opinions for clients. Accordingly, Daugerdas's and Guerin's motion to invalidate the stipulations extending the statute of limitations is denied. (See Docket #297, Filed 02/07/11).

A reading of Judge Pauley's Memorandum & Order show that Judge Pauley did not address Daugerdas's claim that his agreement to extend the statute of limitations and waive any statute of limitations defense was not "knowingly and voluntarily" made . Judge Pauley only stated Daugerdas's claim and the law regarding principles of contract law but did not address Daugerdas's claim under the standard for determining the stipulation was "knowingly and voulntarily" agreed to.

Daugerdas requests an evidentiary hearing be conducted on Ground Number Two and counsel be appointed to represent him at such hearing.

SEE Daugerdas Memorandum Of Law And Fact In Support Of Ground Two attached to this 2255 motion. Also see Daugerdas Affidavit in support of His 2255 motion, attached to this 2255 motion.

GROUND NUMBER THREE:    Appellate counsel was ineffective for
failing to raise on appeal the district court's order denying
defendant Daugerdas's motion to invalidate stipulation agreement.

FACTS THAT SUPPORT GROUND NUMBER THREE:

Prior to an indictment being filed in this case Daugerdas and
his attorney Charles Sklarasky entered into a stipulation agreement
to extend the statute of limitations. In all there were five (5)
seperate stipulations signed by Daugerdas and his attorney extending
statute of limitations and waiving any statute of limitations defense.

After bringing a multi-count indictment against Daugerdas his
attorney, Mr. Sklarasky filed a"Motion To Invalidate The Stipulations".
(Doc. #99). On 02/07/2011, the trial court entered a Memorandum and
and Order denying Daugerdas's Motion To Invalidate The Stipulations.
(Doc. #297). When addressing the merits of Daugerdas motion to
invalidate stipulations the trial court failed to make findings
on Daugerdas's claim that he did not "knowingly and voluntarily"
agree to extend the statute of limitations and waive any statute of
limitations defense.

The ineffective assistance of counsel allegations raised in
GROUND NUMBER ONE of this 2255 motion supports Daugerdas's claim
his appellate counsel was ineffective for not appealing the district
courts order denying his motion to invalidate the stipulations.
The record was sufficiently developed to allow appellate review.

See Gaugerdas's Memorandum Of Law And Fact In Support Of Ground
Number Three, attached to this 2255 motion.

<u>GROUND NUMBER FOUR</u>:     Trial counsel was ineffective for not challenging Count One of the Sixth Superseding Indictment that charged a §371 Conspiracy to defraud the Internal Revenue Service and to commit offenses against the United States. Count One has been impermissibly "brodened" through the adding of new overt acts allegations not charged in the initial indictment or any of the subsequent superseding indictments. Count One has been so substantially broadened that it has lost its related back filing date of the initial indictment or any of the subsequent superseding indictments making Count One being filed beyond the statute of limitations.

<u>FACTS THAT SUPPORT GROUND NUMBER FOUR</u>:

In total there was five indictments and one information filed by the Government in Daugerdas's case. The Initial Indictment (Dkt. #1 ), Superseding Indictment (Dkt. #14 ), Second Superseding Indictment (Dkt. # 56 ), Third Superseding Indictment (Dkt. # 81 ), Superseding Information (Dkt. #536 ), Fifth Superseding Indictment (Dkt. # 611) and Sixth Superseding Indictment (Dkt. # 644).

The Sixth Superseding Indictment broadens the §371 Conspiracy charged in Count One by adding the following overt act allegations not charged in any of the prior indictments:

t.     In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee, Jr., a co-conspirator not named as a defendant herein, caused Skadden Arps to delete damaging information from its report for BDO regarding the practices of the Tax Solutions Group, and made false statements about the conclusions of Skadden Arps to members of the TSG and BDO's Board of Directors, in order to continue and encourage the lucrative sales of BDO's tax shelters.

(20)

The above cited overt act allegations charge new criminal offenses not charged in any of the prior indictments. The overt act allegations charge new criminal act of "making false statements in order to continue and encourage the lucrative sales of BDO's tax shelters". These allegations are chargable as criminal acts under 18 U.S.C. §1001(a)(2) which makes it a federal offense for anyone who (2) "makes any material false, fictious, or fraudulant statement or representations" in any manner within the jurisdiction of the Government of the United States. The overt acts charged in paragraph t. of the 371 Conspiracy charged in Count One of the Sixth Superseding Indictment broadens the conspiracy charges and adds a new offense and new evidence to the conspiracy that were not charged in any prior indictment in this case.

The newly added criminal overt act of making false statements alleged in paragraph t. of Count One §371 Conspiracy are incorperated by reference and are "repeated and realleged as if fully set forth" in Counts One, Two-Eleven, Count Twelve, Count Thirteen, and Count Seventeen. All of those counts have been broadened by the incorperation of the "false statement" allegations from the conspiracy charged in Count One that was not charged in any of the prior indictments. Of the Seventeen Counts charged in the Sixth Superseding Indictment Fourteen of those Counts were infected and broadened by the overt acts false statement allegations not charged in any prior indictment.

According to the Statutory Allegations charged in paragraph 59 of the Count One §371 conspiracy the last overt act of the

conspiracy was committed in October 2005. To be more specific
as to the date of the last overt act ending the conspiracy,
paragraph 64.-00. Count One shows the date of the last overt
act as being on September 19, 2005. The statute of limitations
for the §371 conspiracy started on September 19, 2005, when
the last overt act was completed.

Because of the "false statement" allegations added to Count
One in paragraph t. substantially broadened the scope of the
conspiracy charged in Count One that count loses its relation
back to the initial filing date for the purpose of statute of
limitations determination. The filing date of the initial indictment
was June 9, 2009, which was within the five or six year statute
of limitations for Count One §371 conspiracy. After loseing
the related back filing date due to a broadening of Count One
in the Sixth Superseding Indictment the filing date for the
§371 conspiracy becomes the filing date of the Sixth Superseding
Indictment which was filed on July 1, 2013, which places Count
One §371 conspiracy beyond the statute of limitations by at
least two years.

Daugerdas's conviction on Count One of the Sixth Superseding
Indictment must be vacated and Count One dismissed from the
indictment. Regardless of the stipulations to extend the
statute of limitations Count One of the Sixth Superseding
Indictment is outside the statute of limitations.

See Memorandum Of Law And Facts In Support of Ground Number Four.
Attached To This 2255 Motion.

(22)

GROUND NUMBER FIVE:     Trial counsel was ineffective for not
challenging Counts Two thru Eleven, Count Twelve, Count Thirteen
and Count Seventeen of the Sixth Superseding Indictment on which
Duagerdas was tried and convicted. Counts Two thru Eleven, Count
Twelve, Count Thirteen and Count Seventeen have all been "broadened"
and "amended" through the adding of new overt act allegations not
charged in the initial indictment or any of the subsequent
superseding indictments to the extent that those counts lost their
related back filing date of the initial indictment of any of the
subsequent superseding indictments, causing those counts to be
filed beyond the statute of limitations. Counsel was ineffective
for failing to challenge those counts as being beyond the statute
of limitations and failing to raise a statute of limitations
defense at trial.


FACTS THAT SUPPORT GROUND FIVE:

    The Sixth Superseding Indictment in total charges seventeen
counts. Counts Two thru Eleven charge Tax Evasion in violation of
26 U.S.C. §7201. Counts Twelve and Thirteen charge Corrupt Endevor
To Obstruct and Impede the Internal Revenue Service in violation
of 26 U.S.C. §7212(a). Count Seventeen charges Mail Fraud in
violation of 18 U.S.C. §1341 and 2.

    The Sixth Superseding Indictment broadens Counts Two thru
Eleven, Counts Twelve and Thirteen, and Count Seventeen by adding
the following overt act allegations not charged in any of the
prior indictments.

(23)

> t.     In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee, Jr., a
> co-conspirator not named as a defendant herein, caused Skadden Arps to delete damaging
> information from its report for BDO regarding the practices of the Tax Solutions Group, and made
> false statements about the conclusions of Skadden Arps to members of the TSG and BDO's Board
> of Directors, in order to continue and encourage the lucrative sales of BDO's tax shelters.

(Sixth Superseding Indictment, paragraph t.)

The above cited overt act allegations charge new criminal
offenses not charged in any of the prior indictments. The overt
act allegations charges new criminal offense of "making false
statements in order to continue and encourage the lucrative
sales of BDO's tax shelters". These allegations are chargable as
criminal offenses under 18 U.S.C. §1001(a)(2) which makes it a
federal offense for anyone who (2) "makes any material false,
fictious, or fraudulant statement or representations" in any
manner within the jurisdiction of the Government of the United
States. The new criminal allegations charged in paragraph t. of
Counts Two thru Eleven, Count Twelve, Count Thirteen and Count
Seventeen broadens the charges in those counts by adding a new
offense requiring new evidence and new defense that were not
charged in any prior indictment in this case.

The newly added criminal allegations of "making false
statements" in pargaraph t. of Count One §371 Conspiracy are
incorperated by reference and are "repeated and realleged as if
fully set forth" in Counts Two thru Eleven, Count Twelve, Count
Thirteen and Count Seventeen. Each of those counts have been
substantially broadened by the incorperation of the "false

(24)

statement" allegations from the §371 conspiracy charged in
Count One that was never charged in of the prior indictments.
Of the seventeen (17) counts charged in the Sixth Superseding
Indictment  fourteen (14) of those counts are infected and are
materially and substantially broadened by the "false statement"
allegations in paragraph t. that were not charged in the initial
indictment or any of the superseding indictments.

## Counts Two Thru Eleven

According to the <u>Statutory Allegations</u> charged in paragraph
66. of Counts Two thru Eleven the last overt act was completed
"in or about October 2005". The statute of limitations started
for Counts Two thru Eleven on  "in or about October 2005" when
the last act was completed.

Because of the "false statement" allegations added to Counts
Two thru Eleven by reference from the §371 conspiracy charged in
Count One those counts have been materially and substantially
broadened to the extent that they have lost their related back
filing date of the initial indictment or any of the subsequent
superseding indictments in this case. After loseing the related
back filing date of the initial indictment which was filed on
June 9, 2009, the filing date for Counts Two thru Eleven became
the filing date of the Sixth Superseding Indictment which was
filed on July 1, 2013. The statute of limitations for Tax Evasion
offense charged in Counts Two thru Eleven is "six-years". The
Statute of limitations for Counts Two thru Eleven started "in
or about 2005" and ended in or about six-years later in or

(25)

about 2011. Counts Two thru Eleven were filed at least two-years after the applicable statute of limitations of six-years have expired in or about 2011.

Any conviction obtained by Dugerdas on Counts Two thru Eleven must be vacated and Counts Two thru Eleven must be dismissed from the Sixth Superseding Indictment as time-barred under the statute of limitations. Regardless of the stipulations to extend the statute of limitations Counts Two thru Eleven of the Sixth Superseding Indictment are outside the statute of limitations.

See Memorandum Of Law And Fact In Support of Ground Five Attached To This 2255 Motion.

<u>GROUND NUMBER SIX:</u>          Trial counsel was ineffective for
entering into a pre-trial stipulation that Deutsche Bank "was
a financial institution that was affected by the tax shelters,
and for failing to challenge Count Seventeen of the Sixth
Superseding Indictments failure to alledge that the mail fraud
affected a financial institution.

## <u>FACTS THAT SUPPORT GROUND NUMBER SIX:</u>

Count Seventeen (17) of the Sixth Superseding Indictment
of which Duargerdas was convicted fails to charge that the
"mail fraud affected a financial institution". Without this
element, the mail fraud charged would have been barred by the
five-year statute of limitations. 18 U.S.C. §3282 sets a five-
year statute of limitations for non-capital federal offenses.
18 U.S.C. §3293 sets a ten-year statute of limitations for mail
fraud "affecting a financial institution".

Prior to trial lead counsel Charles Sklarsky entered into
a stipulation that "Deutsche Bank, was a financial institution
that was affected by the shelters".  This stipulation cured the
indictments failure to charge that the "mail fraud affected a
financial institution" and extended the statute of limitations
on the mail fraud charge (18 U.S.C. §1341) to ten-years under
§3293 instead of five-years under §3282. The stipulation relieved
the government of the having to prove that "Deutsche Bank was
a financial institution that was affected by the shelters".
If trial counsel would refused to stipulate that Deutsche Bank
was a financial institution that was affected by the shelters
and would have challenged the mail fraud counts  failure to

(27)

charge that the mail fraud affected a financial institution there would have been a different outcome to the proceedings and this case for the following reasons.

Because Count Seventeen was materially broadened and substantially amended through the adding of new overt act allegations that were not charged in the initial indictment or any of the subsequent superseding indictments, Count Seventeen mail fraud charge lost its related back filing date of the initial indictment which was filed on June 9, 2009, and the filing date for the mail fraud in Count Seventeen became the filing date for the Sixth Superseding Indictment which was July 1, 2013, making the mail fraud offense charged in Count Seventeen being filed beyond the five-year statute of limitations.

According to the Sixth Superseding Indictment's Count Seventeen the last completed act of mail fraud was completed "in or about October 2005". The filing date of the Sixth Superseding Indictment was July 1, 2013, placing the mail fraud offense "three" (3) years beyond the statute of limitations. If trial counsel had not stipulated "pre-trial" that "Deutsche Bank was a financial institution that was affected by the shelters" and would have challenged the mail fraud count's failure to charge that "the mail fraud affected a financial institution", there is a reasonable probability that there would have been a different outcome to this case in that Count Seventeen would have had to be dismissed as being barred by the statute of limitations. Count Seventeen must be dismissed as being time barred. See Grounds FOUR and FIVE that support this GROUND.

GROUND NUMBER SEVEN:      Trial counsel was ineffective for not
challenging the Mail Fraud offense charged in Count Seventeen
of the Sixth Superseding Indictment that failed to charge a federal
offense because it fails to charge all the essential elements of
the Mail Fraud statute 18 U.S.C. §1341.


FACTS THAT SUPPORT GROUND SEVEN:

     Count Seventeen of the Sixth Superseding Indictment of which
Duagerdas was tried and convicted attempted to charge a violation
of the federal Mail Fraud statute 18 U.S.C. §1341 but fails to
do so because it omits an "essential element" of the mail fraud
statute. The mail fraud statute consists of two essential elements.
18 U.S.C. §1341 states in part: Whoever, having devised or intended
to devise any scheme or artifice to defraud, or for obtaining money
or property by means of false or fraudulant pretenses, representations
or promises, for the purpose of executing such scheme or artifice
or attempting so to do uses the mail or causes them to be used,
shall be fined under this statute and imprisoned for no more
than twenty years. . The two necessary elements are (1) scheme to
defraud and (2) mailing of any letter or writing by way of carrying
out scheme.

     Here Count Seventeen charges no acts in furtherance of the
alleged mail fraud scheme. Count Seventeen  charges no mailings
or dates any mailings were allegedly mailed. Count Seventeen
incorperates by reference paragraphs "1 through 58, 63a through
63k, and 64a through 6400, are repeated and realleged as if fully
set forth herein". None of the allegations in any of the incorperated
paragraphs allege that the mail was used in any manner.

(29)

Neither the charging language of Count Seventeen or the allegations in the paragraphs 1 through 58, 63a through 63k, and 64a through 6400; that were incorperated into Count Seventeen as if fully set forth therein allege no "specific mailings". Count Seventeen as a whole fails to allege or charge any specific mailings or any specific mailing dates. Some of the incorperated paragraphs allege that various individuals "filed false and fraudulant Tax Returns" but do not charge or allege they were "mailed" instead they alleged they were filed without mentioning means of doing so, since use of mail is core element of the mail fraud statute, Count Seventeen fails to charge all the elements of the mail fraud offense and fails to charge a federal crime depriving the district court of subject matter jurisdiction to prosecute Daugerdas for mail fraud. Daugerdas's conviction on Count Seventeen must be vacated and Count Seventeen dismissed from the Indictment and Daugerdas must be resentenced.

See Memorandum Of Law And Fact In Support Of Ground Seven Attached hereto this 2255 Motion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE

PAUL M. DAUGERDAS,                    )
                      Movant,         )
                                      )
        v.                            )    Case No. 09-CR-581
                                      )    Hon. William H. Pauley III
                                      )
UNITED STATES OF AMERICA,             )
                      Respondant.     )


        AFFIDAVIT OF PAUL M. DAUGERDAS IN SUPPORT
        OF HIS MOTION UNDER 28 U.S.C. §2255

        The Movant Paul M. Daugerdas proceeding pro se submits his

affidavit in support of his motion under 28 U.S.C. §2255 and

states the following:

STATE OF MICHIGAN : )
                   )      SS      AFFIDAVIT OF PAUL M., DAUGERDAS
COUNTY OF WASHTENAW)


        I, Paul M. Daugerdas, swear under penalty of perjury that
the following statements made herein are true and correct to the
best of my knowledge and belief. (28 U.S.C. §1746).

        1.      That I am a citizen of the United States of America.
That I am over the age of 21 years old and I am competent.

        2.      Prior to my Indictment and trial in this case I
retained the services of the law firm of Jenner & Block 919 Third
Avenue, New York, NY, to represent me in this case. Attorney
Mr. Charles B. Sklarasky was one of the attorney's assigned to
represent me.

        3.      Mr. Sklarasky engaged in negotiations with Government
attorneys concerning the Government's intentions and investigations
on going in this case. Mr. Stanley J. Okula,Jr., Assistant United
States Attorney for the Southern District of New York proposed to
Mr. Sklarasky that he agree to extend the statute of limitations
and waive any statute of limitations defense and convince me to
sign the agreements/stipulations. In total I signed five (5)
stipulation/agreements over a period of time.

        4.      When Mr. Sklarasky brought the first stipulation for
me to sign he explained to me that "It was in my best interest to

1.

sign the stipulation". Mr. Sklarasy did not explain anything to me
concerning the legal aspects of the stipulation. When I asked
Mr. Sklarasky why the Government need me to sign the stipulation
he told me "the Government need more time to complete their
investigation to determine if any laws were violated who violated
them. Mr Sklarasky did not advise me of what right I was giving
up by signing the stipulation or that I was giving up any rights.
I did not knowingly and voluntarily agree to extend the statute
of limitations and waive any statute of limitations defense because
I was not in possession of all the facts and did not understand
the significance and consequences of the stipulation due to
Mr.Sklarasky's failure to advise me of the consequences of my
signing the stipulations.

5.      Each time Mr. Skarlasky asked me to sign one of the
five stipulations his advisements were inadequate to informe me of
the true nature of the stipulation or the effect the stipulation
would have on any criminal charges if the Government indicted me.
Although I read the stipulations before I signed them the language
and terms of the stipulations are "vage" and "ambiguous" as to
advising me of any rights I was giving up by agreeing to the
stipulations or that I was definately going to by indicted for
federal crimes.

6.      When I would question Mr. Skalarsky concerning the
Government's intentions and motivations for having me agree to the
terms of the stipulations, and my concerns about signing them,
Mr. Skalarsky would tell me, "these stipulations are to assist the
Government in its investigation of Tax Fraud that involve a lot
of other persons of interest. I have been assured that you are
not the main target of the investigation and you are not going to
be indicted for any federal crimes. You need to cooperate with
the Government in this investigation in order to stay in good
standing with the Government". Mr. Skalarsky assured me "you are
not going to be indicted" so I am advising you to agree to the
terms and sign the stipulation".

7.      After the Government indicted me Mr. Skaralsky was
furious and told me that the government prosecutors had mislead
him into believing that the stipulations were just for the purpose
of an ongoing investigation into Tax Fraud and that I would not be
indicted. Mr. Skalarsky and I discussed the fact that he had
misadvised me when he assured me I would not be indicted. Mr.
Skalarsky told me he was going to file a motion to "inalidate" the
stipulations because I had not "knowingl or voluntarily" agreed
to the stipulations because I had been mislead by "him and the
government prosecutors".

8.      Mr. Skalarsky did in fact file a Motion To Invalidate
The Stipulations. (Dkt. #'s 98-99). Nowhere in his motion to
invalidate does Mr. Skalarsky tell the Court that he had given me
erroneous advise. Mr. Skaralsky only faults the government attorneys
and states that my entering into the stipulations was not knowingly
and voluntarily entered for reasons other that ineffective assistance
on his behalf.

2.

9.      After the trial court Judge, Honorable William H.
Pauley III, denied my motion to invalidate the stipulations, Mr.
Skalarsky told me that Judge Williams denial of our motion to
invalidate the stipulations would be raised on direct appeal and
more than likely Judge Pauley's decision would be reversed and
remanded for a hearing as to whether or not my agreeing to the
stipulations were knowingly or voluntarily made with the understanding
of the right I was giving up.

10.      If my trial attorney Mr. Sklarasky would have advised me
of the consequences of my agreeing to extend the statute of
limitations and waive any statute of limitations defense I would
never agreed to the stipulations and would never have waived a
statute of limitations defense. Mr. Sklarasky told me there was no
statute of limitations problems so waiving the statute of limitations
defense was just formality. Then Mr. Skalarasky files a motion to
invalidate the stipulations and in his motion shows the Court where
he claims that at least 20 of the counts are beyond the statute of
limitations.

11.      If asked to testify to the foregoing statements under

oath I will do so.

           FURTHER AFFIANT SAYATH NAUGHT.

                          Paul M. Daugerdas
                          #62444-054
                          Federal Correctional Institution
                          P.O.Box 1000
                          Milan, Michigan. 48160

3.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE

PAUL M. DAUGERDAS,         )
           Movant,       )
                       )
      v.                )  Case No. 09-CR-581
                       )  Hon. William H. Pauley III
UNITED STATES OF AMERICA,  )
          Respondant.

## MOVANT'S MEMORANDUM OF LAW AND FACT IN SUPPORT OF MOTION UNDER 28 U.S.C. §2255

The Movant Paul M. Daugerdas proceeding pro se respectfully submits this Memorandum Of Law And Facts in support of his foregoing attached motion under 28 U.S.C. §2255.

Also see signed, sworn Affidavit of Paul M. Daugerdas in support of his motion under 28 U.S.C. §2255, attached to his 2255 motion.

## PRELIMINARY STATEMENT

The thrust of Daugerdas' §2255 claims are ineffective assistance of trial counsel and appellate counsel. Daugerdas raises one claim of court error in Ground Two, that should have been raised on direct appeal but was not due to ineffective assistance of appellate counsel. Daugerdas has overcome the waiver of the court error in Ground Two due to ineffectiveness of his appellate counsel for failing to raise the claim on appeal. Daugerdas submits that an "aggregate" effect of ineffective assistance of counsel denied him a fair trial and his conviction should be vacated and the Indictments be dismissed.

1.

## GROUND ONE

Trial counsel was ineffective for entering into an agreement/
stipulation to extend the statute of limitations and advising me
to sign stipulation to extend statute of limitations.

## LAW AND FACTS THAT SUPPORT GROUND ONE

A claim of ineffective assistance of counsel entails a showing
that: 1) the defense counsel's perfprmance was objectively
unreasonable; and 2) the defecient performance prejudiced the
defense. Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014)
(citing Strickland v. Washington, 466 U.S. 668, 687088, 104 S.Ct.
2052, 80 L.Ed. 2d 674 (1984).

Under the performance prong of **Strickland** test the courts
ask whether counsel's performance was "so deficient that, in light
of all the circumstances, the identified acts or omissions were
outside the range of professional competent assistance. Gonzalez
v. United States, 722 F.3d 118, 130 (2d Cir. 2013).

In considering whether counsel's pre-trial performance
was deficient, the courts hold that "where a habeas petitioner
establishes that counsel's choices were not the results of a
conscious reasonably informed decision made by an attorney with
an eye to benefiting his client, courts may question such choices.
Greiner v. Wells, 417 F. 3d 305, 325 (2d Cir. 2005).

To satisfy the prejudice prong "the defendant must show that
there is a reasonable probability that, but for counsel's errors
there would be a different outcome to the proceedings". Gonzalez,
722 F.3d. at 130. "[W]here the alleged error of counsel is a failure
to advise the defendant of a potential affirmative defense to

2.

the crime charged, the resoultion of the "prejudice" inquiry will depend largley on whether the affirmative defense likely would have succeeded at trial". The court need not however find that the issue would ultimately be resolved in the defendant's favor, but rather only that there is a reasonable probability the outcome of the proceedings would have been different". McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999).

In the instant case trial counsel entering into a stipulation with the Government to extend the statute of limitations to over twenty counts of aiding tax evasion that were already expired beyond the applicable statute of limitations "fell below an objective standard of reasonablness" Strickland v. Washington, 466 U.S. at 688 (1984). Here counsel's agreement to extend the statute of limitations led to as many as twenty (20) convictions that otherwise would have been time-barred, there is undoutable a reasonable probability that "but for counsel's unprofessional errors, the results of the proceedings would have been different". Strickland, 466 U.S. at 694. at least the convictions on those twenty counts must be vacated. See Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999)(finding ineffective assistance of counsel where counsel failed to object to the government's untimely filing of charges that led to as many as three convictions that would otherwise be time-barred ). Also See United States v. Hansel, 70 F.3d 6 (2d Cir. 1995) "Counsel's failure to object to time-barred counts is unaccountable and cannot be considered sound trial strategy". Here Daugerdas's prejudice is that he stood trial and was convicted and sentenced

3.

for at least multiple counts of aiding tax evasion that could not have been brought if not for counsel's stipulating to extending the statute of limitations <u>and waiving any statute of limitations defense</u>. Here Daugerdas can show prejudice because an affirmative "statute of limitations" defense was available. Counsel's pre-trial advise to Daugerdas to agree to waive any statute of limitations defense amounts to ineffective assistance of counsel. Daugerdas seeks relief in the form of vacating his conviction, dismissing all counts that were filed after the statute of limitations had expired and invalidating the stipulations to extend the statute of limitations. Or dismissal of the Indictment.

## GROUND NUMBER TWO

The district court failed to make a required finding that Daugerdas "knowingly and voluntarily" entered into a stipulation to extend the statute of limitations and waive any statute of limitations defense.

## LAW AND FACTS THAT SUPPORT GROUND TWO

In determining the merits of Daugerdas's motion to invalidate the stipulations (Doc.#99) the district court did not require the Government to respond to the motion or prove that Daugerdas's stipulation was "knowingly and voluntarily entered. See United States v. Koh, 968 F. Supp. 136; 1997 U.S. Dist. Lexis 8831 (S.D. New York, 1997) "Before the Government may deprive the defendant of the protection of the statute of limitations, it should be required to prove the existance of a knowing and voluntary waiver". United States v. Koh, 968 F. Supp. 136; 1997 U.S. Dist. Lexis 8831 (S.D. New York, 1997). In Koh the Government stated that "once a defendant raises the issue by offering some affirmative proof, the government has the burden of proof". (Tr. of Oral Arg. dated 5/28/97 at 3, 20-21.) The Judge in the Koh case Judge Cedarbaum agreed that the burden proof was on the government to prove the existance of a knowing and voluntary waiver, citing United States v. Lynch, 92 F.3d 62, 65 (2nd Cir. 1996). Before the government may deprive the defendant of this important protection, it should be required to prove the existance of a knowing and voluntary waiver. also United States v. Podde, 105 F.3d 813, 819 (2d Cir, 1997)(same). Here Judge Pauley abused his discretion by applying an erroneous standard of law in determining that Duagerdas's

stipulations were knowing and voluntarily entered. See United States v. Johnson 446 F.3d 272, 277 (2d Cir. 2006) "Any error of law constitutes an abuse of discretion"; Curry v. Scott, 249 F. 3d 493, 503 (6th Cir. 2001) "An abuse of discretion occurs when the district court uses an erroneous legal standard".

"A defendant is generally bound by the stipulation entered into by his attorney. When a stipulation to a crutial fact is entered into the record in open court in the presence, of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney" Gant v. Artuz, 1999 Lexis 19235 N.7 (2d Cir. 1999). "A stipulation is knowingly and voluntarily made when signed by the defendant and "entered in open court in the presence of the defendant". United States v. Benedict, 855 F. 3d 880 (8th Cir 2017); United States v. Geshik-o, 777 F.3d 984 (8th Cir. 2017)(same). "When a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the contents of the stipulation and agrees to it through his or her attorney". United States v. Akmakjian, 647 F.2d 12 (9th Cir. 1981).

In the instant case the Government never made known to the trial court that the parties had entered a stipulation to extend the statute of limitations and waive any statute of limitations defense untill Daugerdas filed his motion to invalidate the stipulations because he did not knowingly and voluntarily enter

the stipulations. Dauderdas was never brought into court for the purpose of addressing the stipulations before Judge Pauley. Here Daugerdas is not <u>bound</u> by the stipulations because the agreements were never brought before the trial court and Daugerdas was never questioned in open court on the record "whether he had <u>knowingly</u> <u>and voluntarily entered the agreements</u> as required by law. The Government waited 14 months after Daugerdas signed the five stipulations to bring an Indictment against Daugerdas and had plenty of time to bring Daugredas before the trial court after the Indictment was filed to address the stipulations in open court on the record, but failed to do so as required by law.

Waiver is the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforcable. Implied waiver may be found where a party exhibits such conduct or failure to act as to evience an intent not to claim the purposed advantage. It is well established, however, that negligence, oversight, or thoughtlessness does not create a waiver, and waiver cannot be infered from mere silence. Krohnyi v. U.S. Pack Courier Servs, 771 F.3d 93 (2d Cir. 2013). In the instant case as soon as Daugerdas discovered he had been misadvised by his attorney Mr. Sklarasky, and that Mr. Sklarasky had been "decieved" by the Government Daugerdas filed his motion to invalidate the stipulations on the grounds that he did not knowingly and voluntarily enter into and sign the stipulations. Stipulating away a "dead bang" winning statute of limitations defense causes a dreakdown in the advisarial process and constitutes ineffective assistance

7.

After Daugerdas filed his motion to invalidate the stipulatuons (Doc.#99) alleging that he did not knowingly and voluntarily enter the stipulations the trial court should have conducted an evidentary hearing determine whether or not Daugerdas's had knowingly and voluntarily agreed to extend the statute of limitations and waive his rights to any statute of limitations defense. Daugerdas's Motion To Invalidate The Stipulations put the burden of proof on the Government to prove by a preponderance of evidence that Daugerdas had knowingly and voluntarily made the agreements outlined in the stipulations and other matters concerning the stipulations. The trial court should have conducted an evidentiary hearing and have held the Government to its burden of proof. If Daugerdas's had knowingly and voluntarily entered the stipulation agreements why did his trial attorney who had also signed the agreements file a pre-trial motion to invalidate the stipulations raising the argument that Daugerdas had not knowingly and voluntarily entered the stipulations. This question can only be answered at an evidentary hearing where Daugerdas can question his trial attorney Mr. Shlarasky under oath. In United States v. Heidecke, 900 F.2d 1156, 1161-62 (7th Cir. 1990) the court remanded the case to the district court to conduct an evidentiary hearing on the defendant's claim that his waiver of statute of limitations was not knowingly and voluntary. Id at 900 F.2d at 1158.

Daugerdas requests the Court to invalidate the stipulations and dismiss the counts addressed by the stipulations because his agreement to extend the statute of limitations and waive any statute of limitations defense was not knowingly and voluntarily

entered and the Government has not meet its burden of proving that Daugerdas's knowingly and voluntarily entered into the stipulation agreements; or in the alternative order that an evidentiary hearing be conducted on the issue and appoint counsel to represent Daugerdas at such hearing.

## GROUND NUMBER THREE

Appellate counsel was ineffective for failing to raise on appeal the district court's order denying defendant Daugerdas's motion to invalidate stipulation agreement.

## LAW AND FACTS THAT SUPPORT GROUND NUMBER THREE

The constitutional right to effective assistance of counsel extends to appellate counsel, Sellan v. Kuhlman, 261 F.3d. 303 (2d Cir. 2001). To show that his appellate counsel' representation was ineffective under Strickland v. Washington, 466 U.S. 668 (1984) the petitioner must establish that (1) the attorney's representation fell below an objective standard of reasonableness; and (2) the deficient representation prejudiced the defense. Kuhlman .

In the instant case appellate counsel Mr. Henry E. Mazurek was ineffective for not appealing the district court's (Judge Pauley) order denying Daugerdas's motion to invalidate the stipulation agreements, (Doc.99) Judge Pauley made no findings concerning Daugedsas's claim that he did not "knowingly and voluntarily" agree to extend the statute of limitations and waive any statute of limitations defense and that Judge Pauley abused his discretion in not conducting an evidentiary hearing and holding the Government to its burden of proof under preponderance standard to rebut Daugerdas's claim that his agreement and signing of the stipulations was not knowingly and voluntary. There was no impediment to appellate counsel raising Judge Pauley's order on appeal. Daugerdas had preserved the issue in the trial court in a timely manner and the standard of review in the appellate court would have been a de novo review with a reasonable probability of success and a different

10.

outcome to the appellate proceedings and the district court proceedings. The record was sufficient to permit an appellate review.

The issue that Daugerdas had not knowingly and voluntarily agreed to extend the statute of limitations and waive any statute of limitations defense is stronger than any of the issues raised on appeal by Daugerdas's appellate counsel. All issues raised on appeal by Daugerdas's appellate counsel were denied outright by the Second Circuit. See  United States v. Daugerdas, No. 14-2437 Decided September 21, 2016 (certiorari denied). "A petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significant weaker". Mayo v. Henderson, 13 F.3d 528 (2d Cir. 1993). Significient issues which could have been raised should then be compared to those which were raised. Generally only when ignored issues are clearly stronger than those presented, will the prseumption of effective assistance of counsel be overcome. Henderson, supa.

When comparing the issues appellate counsel raised in Daugerdas's appeal brief versus the claim that Daugerdas did not "knowingly and voluntarily" agree to extend the statute of limitations and waive any statute of limitations defense it becomes abundantly clear that Daugerdas's claim that he did not knowingly and voluntarily agree to the stipulations is significantly greater than all the issue raised on Daugerdas's behalf by his appellate counsel. All the issue raised in Daugerdas's appeal brief are evidentiary challenges none of which are supported by the record

and all of which were denied. On the other hand Daugerdas's
allegations that his agreed to stipulations were not knowingly
and voluntarily are supported by his trial counsel's Motion To
Invalidate Stipulations and Memorandum in support. (Doc.#98-99).
Daugerdas's motion to invalidate stipulations clearly show that
Counts 2, 3, 4, 5, 6, 23, and 26 of the first Indictment filed
on June 9, 2009, were already beyond the six-year statute of
limitations when Daugerdas signed the first stipulation to extend
the statute of limitations on October 10, 2006. Because the statute
of limitations had already expired on at least seven (7) of the
counts Daugerdas had agreed to extend when he signed the stipulation
the stipulation is void "ab initio". Here Daugerdas could not
legally agree to extend the statute of limitations on charges
already beyond the statute of limitations. Daugerdas did not
knowingly and voluntarily agree and sign any of the stipulations
because none of the five stipulations agreed to notified Daugerdas
that he was agreeing to extend the statute of limitations on
charges that were already beyond the statute of limitations. If
the stipulations contracts would have notified Daugerdas that he
would be agreeing to extend the statute of limitations on numerous
charges already beyond the statute of limitations, Daugerdas
would never have agreed or signed the stipulations.

"Where the defendant follows the advise of competent counsel
and executes an express waiver prior to the experation of the
statute of limitations, the district court is not without
jurisdiction to try the defendant upon his subsequent indictment".

United States v. Wild, 551 F.2d 418 (D.C. Cir. 1976). "An indictment, found after the experation of time for beginning prosecution, is barred by the statute of limitations and is not waived by the fact that the prosecution was withheld on account of an agreement with the accused, or by the fact that the accused procured continuances of the preliminary hearing from time to time until the period of limitations had expired". United States v. Del Perico, 870 F.2d 1090 N.1 (6th Cir. 1987). "A district court can suspend the running of the statute of limitations period, only if the limitations period has not yet run. To restart the running of an expired statute would be to revive it". United States v. Kozeny, 541 F.3d 166, Headnote 2 (2d Cir. 2007).

In the instant case the stipulation contract could not be performed due to the fact that numerous counts brought in the Indictment were already beyond the statute of limitations. The Government's charging and seeking to have Daugerdas agree to extend the statuate of limitations on numerous charges already beyond the statute of limitations created a "legal impossibility" that made enforcement of the stipulation contract legally impossible and ended the obligation of the parties to the stipulations and voided the stipulation contracts "ab initio". "Under both federal and state law illegal agreements, as well as agreements contrary to public policy, have long been held to be unenforcable and void, and even where a contract is not itself unlawful, the bargain may still be illegal under New York law if it is

13.

closley connected with an unlawful act". United states v. Bonanno, 879 F.2d 20 (2d Cir. 1989). In Daugerdas's case the Government's unlawful act of attempting to extend the statute of limitations on charges already beyond the statute of limitations through a stipulation contract was the object of the bargain offered that creaded a "legal impossibility" and an unenforcable contract. In United States v. Mergen, 764 F.3d 199 (2d Cir. 2013) the Second Circuit reversed the defendant's convictions because Mergen's agreement to extend statute of limitations did not toll the statute of limitations on charges already expired beyond the statute of limitations .

In the instant case the stipulation contracts are illegal and unenforcable and the district court should have granted Daugerdas's motion to invalidate the stipulations. (Doc. 98-99). "Courts will not enforce illegal contracts". Schlessinger v. Valspar Corp. 686 F.3d 81 (2d Cir. 2012). "It is elementry rule that courts will not exert their powers to enforce illegal contracts or to compel wrongdoing". D.R. Wilder Mfg. Co. v. Corn Products Refining Co., 236 U.S. 165, 172 (1915). also see Art Metal Const. Co. v. United States, 47 F.2d 558, 559 (2d Cir. 1931) "Commissioner was right, since no action of his could toll the statute of limitations once the limitations had elapsed. Id. 559.

Here Daugerdas's claim that his stipulation to extend the statute of limitations and waive any statute of limitations defense was not "knowingly and voluntarily " entered is stronger than any issue appellate counsel raised on direct appeal and

14.

appellate counsel was ineffective for failing to raise the
district court's denial of Duagredas's motion to invalidate the
stipulations. Without the illegal stipulation contract Government
could not have proceeded against Daugerdas on Counts 2, 3, 4,
5, 6, 23, and 26 which were all beyond the six-year statute
of limitations. Additionally the other four stipulations to
extend the statute of limitations and waive any statute of
limitations defense is just as void as the first stipulation
contract signed on October 10, 2006. Here the Government abused
the charging function by knowingly and intentionally bringing
charges it knew to be beyond the statute of limitations and
misrepresenting the Government's intentions in order to obtain
Daugerdas's signature on the stipulation contracts. The four
subsequent stipulations to extend the statute of limitations
rely on the validity of the first stipulation and are void as
a results of the first stipulation contract being void.

For the foregoing reasons Daugerdas submits that his
appellate counsel was ineffective and that he was prejudiced by
that ineffectiveness. Appellate counsel's failure to raise the
district court's denial of Daugerdas's motion to invalidate
stipulations that extend the statute of limitations constitutes
deficient performance and there is a reasonable probability had
the claim had been raised it would have changed the outcome
of the appeal. For Strickland performance prong, where appellate
counsel fails to raise a claim on appeal that is so obviously
valid that any competent lawyer would have raised it, no further

evidence is needed to determine if counsel was ineffective for not having done so. **Hall v. Warden**, 686 **Fed. Appx.** 671 (11th Cir. 2017).

Daugerdas requests the Court to vacate his sentencing judgment and re-enter the sentencing judgment that would restart the time for filing Notice of Appeal that would allow Daugerdas to conduct a new appeal on the District Court's denial of his Motion To Invalidate Stipulations Extending Statutes of Limitations And Waiving Any Statute of Limitations Defense: or in the alternative vacate Daugerdas's conviction and grant a new trial.

## GROUND NUMBER FOUR

Trial counsel was ineffective for not challenging Count One of the Sixth Superseding Indictment that charged a §371 Conspiracy to defraud the Internal Revenue Service and to commit offenses against the United States. Count One has been impermissibly "broadened" through the adding of new overt acts allegations not charged in the initial indictment or any of the subsequent superseding indictments. Count One has been so substantially broadened that it has lost its related back filing date of the initial indictment or any of the subsequent superseding indictments making Count One being filed outside the statute of limitations.

## LAW AND FACTS THAT SUPPORT GROUND NUMBER FOUR

"Once an indictment is brought, the statutes of limitations is tolled as to the charges contained in that indictment". United States v.Grady, 544 F.2d 598, 601 (2d Cir. 1976). When a superseding indictment suplants a pending timely-filed indictment, any charges in the superseding indictment that are neither materially broadened nor substantially amended from the earlier indictment relate back to the date of the filing of the earlier indictment. The superseding indictment continues its predecessor's timeliness. United State v. LaSpina, 299 F.3d 165 (2d Cir. 2002) citing Ben Zvi, 242 F.3d at 98; United States v. O'Bryant, 998 F.2d 21, 23 (1st Cir. 1993).

The original indictment in this case was filed on June 9, 2009. Subsequently there were five superseding indictments and an Information filed that included the Sixth Superseding Indictment which is the subject of the claim raised in Ground Number Four. The Sixth Superseding Indictment materially broadened and

17.

substantially amended the §371 Conspiracy charged in Count One
by adding new criminal overt acts of making "false statements"
thus the amended conspiracy charge rested on different factual
allegations then those alleged in the original indictment or any
of the other superseding indictments and required the presentation
of new "evidence" by the government and the development of a
"new defense" by defense attorneys. "In determining whether a
superseding indictment materially broadens or amends the original
charges, a court will consider whether the additional pleadings
allege violations of a different statute, contain different
elements, rely on different evidence, or expose the defendant to
a potentially greater sentence. No single factor is determinative;
rather the "touchstone of the court's analysis is notice, i.e.,
whether the original indictment failrly alerted the defendant to
the subsequent charges against him and the time period at issue".
United States v. Salmonese, 352 F.3d 608 Headnote (2d. Cir. 2003).

In the instant case the original indictment failed to alert
Daugerdas of the subsequent criminal overt acts allegations
charged in "paragraph t." of the §371 conspiracy charged in the
Sixth Superseding Indictment. "The same standard of review
applies to overt acts as to any other aspect of a superseding
pleading, i.e., whether the new acts materially broadened or s
substantially amended the original pleading". Salmonese, 352
F.3d at Headnote. In the instant case there can be no doubt that
the new added allegations of making "false statements" materially
broadened and substantially amended Count One of the Sixth

Sixth Superseding Indictment and the original indictment gave
Daugerdas no notice of the time period in which the new overt
act allegations were to have occured, whether they were within
the applicable statute of limitations or not. Because the new
overt act allegations were not charged in the original indictment
alleging the date the overt acts were to have occured Daugerdas
was unable to raise an affirmative statute of limitations defense
against those allegations of making "false statements"(paragraph t.)
at his first trial. See Masacchio v. United States, 136 S.Ct.
709, 717, 193 L.Ed 2d 636 (2016)(statute of limitations "is a
defense that becomes part of a case only if the defendant presses
it in the district court"). Additionally the evidence submitted
at trial in support of the new overt act allegations of making
"false statements" (paragraph t.) was inadmissable as to any of
the other charges in the indictment but it had a prejudicial
effect on the jury's verdict as the newly added evidence put in
question the relability and creditability of the defendants
for being accused of making false statements.

Once an indictment has been timely filed, the defendant
is notified of the charges against him and may begin to prepare
his defense. The substantial broadening of the charges in a
subsequent indictment prejudiceses the defendant and offends the
purpose of the underlying statute of limitations period as it has
done in the instant case. Count One of the Sixth Superseding
Indictment must be dismissed as being beyond the statute of
limitations.

## GROUND NUMBER FIVE

Trial counsel was ineffective for not challenging Counts
Two thru Eleven, Count Twelve, Count Thirteen and Count Seventeen
of the Sixth Superseding Indictment on which Daugerdas was tried
and convicted. Counts Two thru Eleven, Count Twelve, Count Thirteen
and Count Seventeen have all been "broadened" and "amended" through
the adding of new overt act allegations not charged in the initial
indictment or any of the subsequent superseding indictments to the
extent that those counts lost their related back filing date of
the initial indictment or any of the subsequent superseding
indictments, causing those counts to be filed beyond the statute
of limitations. Counsel was ineffective for failing to challenge
those counts as being beyond the statute of limitations and
failing to raise a statute of limitations defense at trial.

## FACTS AND LAW THAT SUPPORT GROUND NUMBER FIVE

"Once an indictment is brought, the statute of limitations
is tolled as to the charges contained in that indictment". United
States, v. Grady, 544 F.2d 598, 601 (2d Cir. 1976). When a superseding
indictment suplants a pending timely-filed indictment, any charges
in the superseding indictment that are neither materially broadened
nor substantially amended from the earlier indictment relate back
to the date of the filing of the earlier indictment. The superseding
indictment continues its predecessor's timeliness. United States v.
LaSpina, 299 F.3d 165 (2d Cir. 2002) citing Ben Zvi, 242 F. 3d
at 98; United States v. O'Bryant, 998 F.2d 21, 23 (1st Cir. 1993).

The original indictment in this case was filed on June 9,
2009. Subsequently there were five superseding indictments and

an information filed that included the Sixth Superseding Indictment which is the subject of the claim raised in Ground Four. The Sixth Superseding Indictment materially broadened and substantially amended Counts Two thru Eleven by adding new criminal overt acts of "making false statements" thus the broadened and amended charges in Counts Two thru Eleven charges different factual allegations than those alleged in the original indictment or any subsequent superseding indictment. The broadened charges in Counts Two thru Eleven requires "new evidence" and "new defense" not required by Counts Two thru Eleven in the initial indictment or any of the subsequent superseding indictments. "In determining whether a superseding indictment materially broadens or amends the original charges, a court will consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence. No single factor is determinative; rather the "touchstone of the court's analysis is notice, i.e., whether the original indictment fairly alerted the defendant to subsequent charges against him and the time period at issue". United States v. Salmonese, 352 F.3d 608 Headnote (2d Cir. 2003).

In the instant case the original indictment failed to alert Daugerdas of the subsequent criminal overt acts allegations charged in "paragraph t." of the §371 conspiracy charged in the Sixth Superseding Indictment. "The same standard of review applies to overt acts as to any other aspect of a superseding pleading", whether the new act materially broadened or substantially

21.

amended the original pleading". Salmonese, 352 F.3d at Headnote.
In the instant case there can be no doubt that the new added
allegations of making "false statements" materially broadened
and substantially amended Counts Two thru Eleven, Count Twelve,
Count Thirteen and Count Seventeen of the Sixth Superseding
Indictment and the original indictment gave Daugerdas no notice
of the time period in which the new overt act allegations were
to have occured, whether they were within the applicable statute
of limitations or not. Because the new overt acts allegations
were not charged in the original indictment alleging the date
the overt acts were to have occured Daugerdas was unable to raise
an affirmative statute of limitations defense against those
allegation of making "false Statements" (paragraph t.) at his
first or second trial. See Masacchio v. United States, 136 S.Ct.
709, 717, 193 L.Ed. 2d 636 (2016)(statute of limitations "is
a defense that become part of the case only if the defendant
presses it in the district court"). Additionally the evidence
submitted at trial in support of the new overt act allegations
of making "false statements" (paragraph t.) was inadmissable
as to any of the other charges in the indictment but it had a
prejudicial effect on the jury's verdict as the newly added
evidence put in question the reliability and creditability of
the defendans fo being accused of making false statements.

Once an indictment has been timely filed, the defendant
is notified of the charges against him and may begin to prepare
his defense. The substantial broadening of the charges in a
subsequent indictment prejudiceses the defendant and offends

22.

the purpose of the underlying statute of limitations period as it had done in the instant case. Counts Two thru Eleven, Count Twelve, Count Thirteen and Count Seventeen must be dismissed as being beyond the statute of limitations and having to denied Dugerdas a fair trial.

## GROUND NUMBER SIX

Trial counsel was ineffective for entering into a pre-trial
stipulation that Deutsche Bank  was a financial institution
that was affected by the shelters, and for failing to challenge
Count Seventeen of the Sixth Superseding Indictments failure to
allege that the mail fraud affected a financial institution.

## LAW AND FACTS THAT SUPPORT GROUND NUMBER SIX

When the government prosecutors drafted the Mail Fraud
charging language in Count Seventeen they knowingly omitted
from the charging language "that the Deutsche Bank was a
financial institution that was affected by the alleged fraudulant
Tax Shelters".  But after the trial started the government
prosecutors realized they had made an error in drafting the
Mail Fraud charging language by failing to charge "that Deutsche
Bank was a financial institution that was affected by the
alleged fraudulant Tax Shelters.

With out charging "that Deutsche Bank was a financial
institution that was affected by the alleged fraudulant Tax
Shelters, the statute of limitations on the Mail Fraud charged
in Count Seventeen was only five-years under 18 U.S.C. §3282,
and was not  tendable because it was beyond the statute of
limitations. The last overt act of the mail fraud offense was
alleged to have been completed "in or about October 2005".(See
incorperated Paragraph "64-oo, that alleges last overt act as
"in or about October 2005).

The Mail Fraud charged in the Sixth Superseding Indictment

lost its "related back filing date of the original indictment"
due to the fact that the scope of the Mail Fraud charges had
been broadened through the incorperation of allegations
not charged in the original indictment or any of the Superseding
Inictments. (See Ground Number Five for explination of related
back issue). Because the Mail Fraud charged in Count Seventeen
of the Sixth Superseding Indictment lost its realted back filing
date of the original indictment that was filed on June 9, 2009,
the filing date of the Mail Fraud became the filing date of
the Sixth Superseding Indictment which was July 1, 2013.

Without charging "that Deutsche Bank was a financial
institution that was affected by the alleged fraudulant Tax
Shelters the Mail Fraud charged in Count Seventeen only had a
statute of limitations of five-years and was four(4) years
beyond the statute of limitations and would have had to be
dismissed by the Government. To remedy the "charging error"
government prosecutors approached Duagerdas's trial attorney
Mr. Charles Skalarsky and pursuaded Mr. Sklarsky to enter into
a stipulation "that Deutsche Bank was a financial institution
that was affected by the Tax Shelters".

Mr. Sklarsky did not understand when he entered into the
stipulation that he was agreeing to expand the statute of
limitations on the Mail Fraud charges from five-years to ten-
years and did not understand that the Mail Fraud charged in
Count Seventeen was already beyond the statute of limitations
and that Duagerdas had a statute of limitations defense that
had to be raise at trial. If Mr. Sklarasky would have raised

the viable statute of limitations defense after trial started the Government would have been prohibited from amending the Mail Fraud charged in Count Seventeen or seeking a new Indictment charging that the Mail Fraud affected a financial institution that would have extended the statute of limitations up to ten years. Here trial counsel Mr. Sklarsky was ineffective for stipulating "that Deutsche Bank was a financial institution that was affected by the shelters" and for failing to raise a statute of limitations defense that would have stopped the Government from amending the Mail Fraud charges after trial had commenced and the statute of limitations defense had been presented.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. To obtain reversal of a conviction, the defendant must prove that (1) counsel's performance "fell below an objective standard of reasonableness" Strickland v. Washington, 466 U.s. 668, 687-88 (1984), and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundanentally unfair outcome in the proceeding, See. Strickland, 466 U.S. at 687, 691-92. A defendant's failure to satisfy either prong of the test is fatal to the entire claim. See Strickland 466 U.S. at 697. In deciding whether counsel's performance was ineffective, a court must consider the totality of the circumstances. See Strickland 466 U.S. at 690. Under the performance prong, there is presumption that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance". See Strickland, 466 U.S. at 689.

Under Strickland standard Mr. Skalarsky's performance
fell below an objective standard of reasonableness and his
deficient performance prejudiced Daugerdas defense, resulting
in an unreliable or fundamentally unfair outcome of the trial.
Daugredas's claim of ineffectiveness against Mr. Sklarsky
staisfies both the "cause prong" and "prejudice prong" requirements
under Strickland. Mr. Sklarsky's stipulating "that Deutsche
Bank was a financial institution that was affected by the shelters",
and failing to raise a statute of limitations defense to the
Mail Fraud charges in Count Seventeen (and to other charges
beyond the statute of limitations, See Ground One), amounts to
defecient performance. See United States v. Hansel, 70 F.3d 6
(2d Cir. 1995) "Counsel's failure to object to time-barred counts
is unaccountable and cannot be considered sound trial stategy".
The "prejudice prong" of Strickland is satisfied by the fact
that Daugerdas stood trial, was convicted and sentenced for
Mail Fraud (and other charges) that could not have been brought
if not for Mr. Skalarsky's stipulations and failure to raise a
statute of limitations defense to the Mail Fraud charges in
Count Seventeen.

Based on the foregoing the Mail Fraud charged in Count
Seventeen of the Sixth Superseding Indictment must be dismissed.

## GROUND NUMBER SEVEN

Trial counsel was ineffective for not challenging the Mail Fraud offense charged in Count Seventeen of the Sixth Superseding Indictment that failed to charge a federal offense becaue it fails to charge all the essential elements of the Mail Fraud statute 18 U.S.C. §1341.

## LAW AND FACTS THAT SUPPORT GROUND NUMBER SEVEN

Count Seventeen of the Sixth Superseding Indictment charges Daugerdas with Mail Fraud in violation of 18 U.S.C. §1341. "The essential elemnets of Mail Fraud are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme". United States v. Pisani, 773 F.2d 397 (2d Cir. 1985).

In order to excute the scheme the indictment must charge that the defendant "mailed or caused to be mailed" specifically identified letters, etc., listing the approximate dates of mailing, the points of origin, and the destinations. See United States v. Kahale, 2010 U.S. Dist Lexis 101757 (S.D. N.Y. 2010). To plead mail fraud an indictment must allege with particularity, participation in a scheme to defraud and knowledge of use of the mails in furtherance of the scheme to defraud. See Zaro Licensing, Inc., v. Cinmar Inc., 779 F. Supp 276 (November 18, 1991) (S.D. N.Y.).

An indictment must delineate the specifics of each purported use of the mail, including the time, place, and content of the alleged misrepresentations. "Moreover allegations of mail or wire fraud must specify the use of mails and wires with particularity". Frota v. Prudential- Bache Securities, Inc., 639 F.Supp 1186, 1192 (S.D. N.Y. 1986). "Use of the mail is only thing that gives

federal court jurisdiction of such offenses as alleged in mail fraud scheme". United Sates v. Baker, 50 F.d 122 (2d Cir. 1931).

## Incorperated Allegations Fail To Charge Mailings

A reading of the Mail Fraud charged in Count Seventeen which incorperated previous allegations from the §371 Conspiracy charged in Count One of Sixth Superseding Indictment makes clear that none of the incorperated allegations allege any use of the mails in furtherance of those alleged overt acts of the mail fraud scheme. Several of the incorperated overt acts paragraphs state that various individuals "filed false and fraudulant Tax Returns" but do not state they were filed through use of the mails or that they were mailed. Instead they allege the Tax Returns were filed without mentioning the means or manner they were filed.

The charging language of Count Seventeen tracks the language of the Mail Fraud statute §1341 and states in a general manner that named defendants specifically DAUGERDAS used the mails to execute the alleged scheme. The charging language of Count Seventeen fails to charge any "specific mailings" in furtherance of the alleged mail fraud scheme. Neither the incorperated overt acts or the charging lauguage in Count Seventeen charge any specified use of the mails and plead no elements of mailing with particularity. Count Seventeen fails to plead any predicate acts whatsoever and fails to allege mail fraud under 18 U.S.C. §1341.

Daugerdas cites the following cases in support of above claim. See Browning Ave. Realty Corp. v. Rosenshein, 142 FDR 85 (SD NY 1992) Complaint alleging that defendant committed predicate acts

29.

of mail fraud failed to state valid claim, where it never stated
that documnets were mailed, but instead alleged that they were
"forwarded" or "submitted", without mentioning means of doing so,
since use of mails is core elements of mail fraud statuts, and
Court will not assume its use. 'Id. at RICO Bus Disp Guide (CCH)
¶ 8004. "The Proposed Third Amended Complaint does not set forth
a single instance where a fraudulant statement was allegedly
transmitted or recieved by wire. The Plaintiff's proposed
reliance on the wire fraud statute to satisfy the predicate acts
requirement would be futile". Browing Avenue, 774 F.Supp. at
137-38.

Also see Duke v. Touche Ross & Co., 765 F. Supp. 69 (S.D.N.Y.
1991), there the court found the complaint failed to allege
that the private placement memoranda including defendant's two
false documents had been placed into the mail or sent by mail;
it merely alleged in a general manner that the accounting firm
and promoters had used the mails and wire communications.

Also see Nolan v. Galaxy Sci. Corp., 269 F.Supp. 2d 635
(E.D. Pa. 2003). "While the Second Amended Complaint alleges
That Mr. Harris made affirmative misrepresentations to Mr. Nolan,
it is nowhere alleged that these misrepresentations were sent
through the mail. Accordingly, this allegation fails to meet
the most rudimentary requirements of a mail fraud claim".

In the above cited cases the mail fraud charges were
dismissed for failure to charge that the documents etc., were
mailed or sent by mail. Here Daugerdas raises the same issue

as the above cited case and the mail fraud charged in Count Seventeen must be dismissed for failure to charge a mail fraud offense.

## COUNT SEVENTEEN IS FATALLY FLAWED

Count Seventeen is falally flawed, because it nowhere alleged any specific overt act that was necessary for the completion of a violation of mail fraud under 18 U.S.C. §1341. "Moreover, allegations of Mail fraud must specify the use of the mails and wires with particularity". Frota v. Prudential-Bache Securities Inc., 639 F. Supp. 1186, 1192 (S.D.N.Y. 1986). "Use of mail is essential key element of mail fraud". United States v. Pisani, 773 F.2d 397 (2d Cir. 1985). Count Seventeen's omission of the essential element of an "overt act use of the mails" ia a fatal flaw not subject to harmless error analysis. An overt act use of the mails is essential to the finding of Daugerdas's guilt in the instant case and none was charged in the mail fraud allegations.

The mail fraud charged in Count Seventeen fails to comply with the requirements of Rule 7(c)(1) Federal Rules of Criminal Procedure, that an indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged. "Failure of the indictment to allege the essential elements of an offense is a jurisdictional defect requiring dismissal. The absence of prejudice to the defendant does not cure what is necessarily a substantive, jurisdictional defect in the indictment". United States v. Hoag Van Tran, 234 F.3d 798 (2d Cir. 2002). "If

31.

a reviewing court deterimns that the error is of the structural varity, the court's task is at an end. Structural errors defy analysis by harmless error standards and the existance of a structural error infects the entire trial process. Therefore, a per se rule of reversal applies when a structural error is present at trial, even if the record contains overwhelming evidence of guilt. If the error is not a structural error, it is a "trial error" and subject to harmless error review". Peck v. United States, 106 F.3d 450 (2d Cir. 1996).

In the instant case the Mail Fraud offense charged in Count Seventeen of the Sixth Superseding Indictments fails to allege the necessary core element that "any predicate acts of mailing or use the mails" occured in furtherance of the alleged sheme. The failure to charge "any" specificied overt acts of mailing or use of the mails in Count Seventeen creates a jurisdictional defect and a structural error that requires the dismissal of the Mail Fraud count charged in Count Seventeen. Daugerdas requests the Court to dismiss Count Seventeen of the Sixth Superseding Indictment, and vacate his sentence and resentence him without consideration of the mail fraud offense.

## Cumulative Effect Of Trial And Appellate Counsel Errors

Daugerdas requests the Court to consider the cumulative effect that both his trial and appellate counsel's errors had on the outcome of his trial and appeal. The Second Circuit is clear that the Court must consider claimed errors in the aggergate, Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) and their cumulative weight. Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001)(concluding that the cumulative weight of trial counsel's error deprived defendant of his Sixth Amendment rights and that for Sixth Amendment attorney errors must be considered in the aggregate).

In order for Daugerdas to make a substantial showing of his ineffective assistance of counsel claims the Court must review all of the claims together based on the entire facts of the case. "Where a petitioner's claim of ineffective assistance of counsel can turn on the cumulative effect of all of counsel's actions, all his allegations of ineffective assistance should be reviewed together". Miller v. Senkowski, 268 F. Supp. 2d 296 (S.D.N.Y. 2003).

Daugerdas presents six seperate grounds for relief based on ineffective assistance. Those six grounds must be viewed and considered all together because cumulatively they make a showing of ineffective assistance of counsel that becomes crystal clear to a trier of facts. Each of Daugerdas's six claims of ineffective assistance of counsel are supported by facts and law in the instant memorandum of law and facts that show each of the six complained of acts are "counsel errors" that constitute ineffective assistance of counsel.

## Need For Evidentiary Hearing

In the instant case a hearing is necessary because the record needs to be expanded with facts and evidence beyond the scope of the records and beyond the knowledge of the Court itself. Without an evidentiary hearing the Court cannot make a reliable finding of fact and conclusion of law based on the existing record. Daugerdas presents six grounds based on ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are based on both fact and law and in that context require an evidentiary hearing. "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a "plausible" claim of ineffective of counsel, not that "he will necessarily succeed on the claim". Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000). Gaugerdas's 2255 motion presents six "plausible" grounds for relif. Based on the existing record Daugerdas's six claims of ineffective assistance of counsel appear true and reliable and have merit. Under the crucible of cross-examination of Daugerdas trial counsel (specifically Mr. Skalarsky) it will become crystal clear to the Court that Daugerdas was denied a fair trial due to ineffective assistance of his various trail attorney's.

Daugerdas supports his §2255 motion with a detailed Affidavit signed and sworn under oath that presents colorable claims and his knowledge concerning those claims. Daugerdas's knowledge given as testimony under oath qualifies as reliable evidence untill proven otherwise. Daugerdas has personal knowledge concerning his claim in GROUND ONE that his trial attorney Mr. Skalarsky

34.

was ineffective for entering a "pre-indictment" stipulation to extend the statute of limitations "indefinately" and for waiving any statute of limitations defense. Daugerdas has personal knowledge he will testify to concerning why his agreeing to the stipulations was not "knowingly and voluntarily" entered.(See Daugerdas's Affidavit in Support of 2255 Motion). Most important would be the testimony of trial counsel Mr. Skalarsky concerning why he filed a motion seeking to have the stipulations invalidated after the Government returned an indictment against Daugerdas. The answer to that question is beyond the scope of the files and records of the case and beyond the knowledge of the Court and requires an evidentiary hearing where the Court can hear from Mr. Skalarsky concerning why he entered into the stipulations, and why he shortely there after filed a motion to invaladated the stipulations. In his Motion To Invalidate The Stipulations (Dkt. #98-99) trial counsel Mr. Skalarsky faults the Government attorneys for erroneously manipulating him to agree to extend the statute of limitations and waive any statute of limitations defense. The cold hard truth is that it was Mr. Skalarsky who was ineffecive for agreeing to the terms of the stipulation and erroneously advising Daugerdas to sign the stipulations. Once the Court hears the testimony and cross-examination of Mr. Skalarsy under oath it will become crystal clear to the Court that Mr. Skalarsky was ineffective for agreeing to the terms of the stipulations and that Daugerdas's agreeing to and signing the stipulations was not "knowingly and voluntarily". Daugerdas seeks the appropriate

remedy of the dismissal of the entire indictment in this case which is justified based on ineffective assistance of trial counsel and prosecutorial misconduct on behalf of government attorneys for fraudulantly obtaining stipulations to extend the statute of limitations "indefinately" and obtaining the waiver of any statute of limitations defense.

An evidentiary hearing is also required before the Court can reliably address the merit of <u>GROUND TWO</u> and hear the testimony of Daugerdas and his trial counsel Mr. Skarlasky as discussed above concerning <u>GROUND ONE</u>. Once the Court hears the testimony of Mr. Skarlasky discribing how the government attorneys manipulated him into agreeing to the stipulations and how he in turn manipulated Daugerdas into agreeing and signing the stipulations on the promise that he Daugerdas would not be indicted if he cooperated with the Government by agreeing and signing the stipulations, it will become clear that Daugerdas did not knowingly and voluntarily agree  and sign the stipulations. Daugerdas seeks the dismissal of the entire indictment based on the fact that the stipulations were fraudulantly obtained by the government through ineffective assistance of counsel and that charges brought in the subsequent indictment and superseding indictments were beyond the statute of limitations. An evidentiary hearing is required based on the claim in <u>GROUND TWO</u>.

As to GROUNDS THREE, FOUR, FIVE, SIX and SEVEN, those claims can be determined based on the existing record and are all supported by the motions, files and records of the case.

## CONCLUSION

Daugerdas respectfully requests the Court to grant the relief he seeks in his 2255 motion; or in the alternative (1) issue an Order directing the United States Attorney for the Southern District of New York to file a Response addressing each and every claim in Daugerdas's 2255 motion (2) Order an evidentiary hearing be conducted as to the claims presented in GROUND ONE and GROUND TWO, and (3) Appoint counsel to represent Daugerdas at any hearings held in this matter, and (4) Require Daugerdas's presence at all hearing had in this matter.

Date 12/31/17

Paul M. Daugerdas
Defendant, pro-se.

Paul M. Daugerdas
#62444-054
Federal Correctional Institution
P.O.Box 1000
Milan, Micgigan. 48160

December 30, 2017

Re: UNITED STATES v. PAUL M. DAUGERDAS, Case No. 09-cr-581

Office Of The Clerk
United States District Court
Southern District Of New York
U.S. Courthouse 500 Pearl Street
New York, NY. 10007

Dear Clerk,

    Enclosed you will find the original and two copies of
my Pro Se Motion under 28 U.S.C. §2255. Would you please
file this motion for me in the above numbered case.

    Also enclosed you will find a copy of the 2255 motion
cover page. Would you please file stamp that copy and return
to me for my records. Thank you for assistance in this
matter.

Sincerely yours

Paul M. Daugerdas

Copy:  file

Paul M. Daugerdas
#62444-054
Federal Correctional Institution
P.O. Box 1000
Milan, Michigan. 48160





USM3 SDNY


**UNITED STATES POSTAL SERVICE.**

Retail

**P**

## US POSTAGE PAID
# $0.00

Origin: 48160
Destination: 10007
2 Lb 2.50 Oz
Jan 03, 18
2562000180-01          1004

### PRIORITY MAIL 2-Day ®

Expected Delivery Day: 01/06/2018        `C014`

### USPS TRACKING NUMBER



9505 5123 9327 8003 1100 35



Crim. Ord
SM)

◈62444-054⇔
Clerk Us District Court
500 Pearl ST
Southern District of NY
NEW YORK, NY 10007
United States

JAN 05 2018

CLERK

Office Of The Clerk
United States District Court
Southern District Of New York
U.S. Courthouse 500 Pearl Street
New York, N.Y. 10007

2018 JAN -9 AM10: 18

SDNY DOCKET UNIT
RECEIVED

**PRIORITY
★ MAIL ★**

**TRACKED
★ ★ ★
INSURED**

**UNITED STATES POSTAL SERVICE.**