UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL M. DAUGERDAS,

                      Movant,

      -against-

UNITED STATES OF AMERICA,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

09cr581
18cv152

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        This Court has received Paul M. Daugerdas' motion for a hearing in which testimony by his trial counsel, Charles Sklarsky, Esq., relating to Daugerdas' ineffective assistance of counsel claims is supervised by this Court. This request is apparently based on the American Bar Association's guidance that, consistent with their ethical obligations, counsel whose clients bring ineffective assistance of counsel claims "(1) may not disclose information imparted to them in confidence without first obtaining the former client's informed consent; and (2) may only disclose such information in 'court-supervised testimony.'" See Douglas v. United States, 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011) (citing ABA Comm. on Ethics & Prof'l Responsibility Formal Op. 10-456 (2010)).

        As an initial matter, the ABA opinion—instructive as it may be—is not binding on this Court. See Melo v. United States, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011); All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund, 2010 WL 2243351, at *6 (E.D.N.Y. June 1, 2010). And in any event, the ABA opinion does not require information relating to an ineffective assistance of counsel claim to be disclosed only in a formal, court-supervised hearing. See Douglas, 2011 WL 335861, at *1 (observing that the ABA opinion does not define the

phrase "court-supervised testimony").  As courts in this Circuit have recognized, requiring federal district judges to "directly supervise every interaction between the Government and the attorney who allegedly provided ineffective assistance" would be "highly impractical."  Giordano v. United States, 2011 WL 1831578, at *4 (D. Conn. Mar. 17, 2011).

        To the contrary, Mr. Sklarsky's disclosure of such information is "court-supervised"—namely, pursuant to this Court's Order directing Mr. Sklarsky to provide sworn testimony by affidavit regarding Mr. Daugerdas' ineffective assistance of counsel allegations, and only after Mr. Daugerdas has provided informed consent.  See Douglas, 2011 WL 335861, at *4 (interpreting "court-supervised testimony" to encompass substantially the same procedures taken in this case).  Indeed, such limits on the scope of Mr. Sklarsky's testimony are expressly embodied in Mr. Daugerdas' informed consent form authorizing counsel to disclose confidential communications "only to the extent necessary to shed light on the allegations of ineffective assistance of counsel" raised in the § 2255 motion.  (See ECF No. 12, at 2.)  This Court will not hesitate to enforce these boundaries.

        Accordingly, Mr. Daugerdas' motion is denied.  Because the executed consent form that he filed has not been notarized, Mr. Daugerdas is directed to submit a notarized Attorney-Client Privilege Waiver (Informed Consent) form.  The Clerk of Court is directed to mail a copy of this Memorandum & Order to Mr. Daugerdas and terminate the motion pending at ECF No. 11 in Case No. 18cv152.

Dated: March 5, 2018
      New York, New York

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III
U.S.D.J.