ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Respondant, | ) | |
| v. | ) | 09 CR. 581 (WHP) 18 Civ. 152 (WHP) |
| PAUL M. DAUGERDAS, Petitioner. | ) | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-19-18

**PETITIONER PAUL M. DAUGERDAS'S REPLY TO RESPONDANT'S ANSWER TO PETITIONER'S MOTION UNDER 28 U.S.C. §2255**

The Petitioner Paul M. Daugerdas pro se respectfully submits his Reply to Respondant's Answer to Petitioner's Motion under 28 U.S.C. § 2255, and states the following:

Respondant's Preliminary Statement submits that Daugerdas was "a sophisticated tax lawyer and CPA with decades of professional practice" and because of that experience Daugerdas's claim that he did not understand a series of three-page stipulations that he signed on advise of counsel Mr. Sklarsky, should not be believed. It's true Daugerdas was a tax lawyer and CPA and he spent his entire legal career in the field of Tax Law and not Criminal Law. Respondant provides no information or evidence that Daugerdas ever engaged in the practice of Criminal Law. What the Respondant failes to mention is that after decades of practicing in the field if Tax Laws that the charges brought against him is his first and only experience with criminal law. Daugerdas's lack of experience in criminal law actually contributed to his unknowingly and questionably violation of the law.

STATEMENT OF FACTS

The Respondant's Statement Of Facts presents an incorrect version of the facts that are disputed by Daugerdas and can only be resolved at an evidentiary hearing. For instance the Respondant states:

> " Both Daugerdas and Sklarsky were seeking, through the waivers, to "ensure that there [was] ample time to submit to the Government all facts, arguments, legal authorities, and other materials that may ultimately be relevant to [the] Government's decision whether to seek charges against [Daugerdas], and for Government to consider those materials carefully:, (Statement Of Facts ¶ 5).

The above statements are not factual. Daugerdas and his attorney Sklarsky were seeking nothing from the Government. The correct facts are that it was the Government through its own admissions that requested Daugerdas and his attorney Mr. Sklarsky to agree to toll the statute of limitations and to waive any statute of limitations defense.

> " During the course of the Government's investigation of Daugerdas and others, the Government made a series of requests of Daugerdas and his counsel to toll the statute of limitations with respect to certain criminal violations that were being investigated by the grand jury". (Statement Of Facts ¶ 4 B ).

Daugerdas argues firmley that the Respondant interjects the above statement found in ¶ 5 of its Statement Of Facts to send a covert message to the trier of facts that Daugerdas was seeking and recieved an "enforcable consideration" in order to discredit Daugerdas's claim in GROUND EIGHT "That the stipulation/contracts are unenforcable because they provide no mutuality of enforcable consideration for Daugerdas" (See Ground Eight 2255 Motion).

Bearing on Daugerdas's "lack of consideration" argument in Ground Eight is the fact that all the Stipulation contain language which provides the government can indict Paul M. Daugerdas "at any time the government deems appropriate". Dauderdas is entitled to a new trial where he can raise a statute of limitations defense.

RESPONDANT'S ARGUMENTS

POINT I (responding to Petition Grounds 1,2,3,8)

The Respondant groups Daugerdas's Grounds 1,2,3,8, and submits a "one-size-fits-all" response that lacks any factual support from the "motions, files and records of the case" (2255) and requires a hearing to resolve. The Respondant's entire response to Grounds 1,2,3, 8, is no more than inferences unsupported by any facts taken from the records. The Respondant cites no part of the records to support Respondant's argument that Grounds 1,2,3, 8, have no merit. The Respondant does not address the merits of the Ineffective assistance of counsel claims in Ground One (1), that "Trial counsel was ineffective for entering into an agreement/stipulation to extend the statute of limitations and advising me to sign stipulation to extend statute of limitations and waive any statute of limitations defense". The Respondant obtained a "Decleration" from Daugerdas's trial attorney Mr. Sklarsky but cites nothing from Mr. Sklarsky's Decleration to support its argument that Mr. Sklarsky was not ineffective for advising Daugerdas to enter into the "pre-indictment" stipulation/contract to extend the statute of limitations and waive any statute of limitations defense. Most important is the fact that the Respondant does not provide any insight or address what motivated Mr. Sklarsky to file a Motion To Void The Stipulations (Dkt. #99).

The Respondant portrays Mr. Sklarsky as "a long-time Jenner & Block partner" who had the support of "his legal team at Jenner & Block" during his representation of Daugerdas. The Respondant states, "Sklarsky throughly refutes the outlandish allegations leveled by Daugerdas, made for the first time in this habeas setting". (¶ 17). Apparently Mr. Sklarsky and his legal team from Jenner & Block determined that Mr. Sklarsky should file the Motion To Void The Stipulations because as the Motion states "The Government's misrepresentations prevented Daugerdas from knowingly and voluntarily extends the limitations period for any of the charges against him". (Dkt. #99, INTRODUCTION, page 1). Mr. Sklarsky and his "legal team" was so sure Daugerdas's stipulations were not knowingly and voluntarily entered that they collectively decided to challenge the stipulations and seek to void them. Now neither the Respondant or Mr. Sklarsky address on the merits Daugerdas ineffective assistance of counsel claims in Ground One. That's understandable because the ineffective assistance claim in Ground One has merit and they don't want to admit it. Daugerdas is entitled to 2255 relief on his claim of ineffective assistance of counsel presented in Ground One in the form of dismissal of the indictment against him. Daugerdas requests the Court to conduct an Evidentiary Hearing on his claim of ineffective assistance of counsel in Ground One.

POINT II (Responding to Petition Grounds 4, 5)

In responding to the claim in Ground Four of Daugerdass' 2255 motion the Respondant erroneously states, "This argument fails

for a simple reason: the facts contained in overt act "t" of the S6 Indictment were not new. On the contrary, those facts were contained in the initial four indictments, including the S3 Indictment on which Daugerdas was initially tried and convicted". (Id at POINT II). The charging language of overt act "t" charged in the Initial Indictment, 1st Superseding Indictment, 2nd Superseding Indictment, 3rd Superseding Indictment and omitted from the 5th Superseding Indictment, clearly reveals that overt act "t" charged in the Sixth Superseding Indictment is a "new overt act" not charged in any of the other Indictments in this case that "materially broadens" the scope of Count One, and as a results Count One of the Sixth Superseding Indictment looses it relatedness to Initial Indictment or any other Indictment in this case, rendering Count One beyond the statute of limitations. The following is a comparance of the charging language of overt act "t" charged in "bb" of the 1st, 2d, 3rd, superseding indictments compared to the charging language of overt act "t" charged in the 6th Superseding Indictment:

bb. In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee,Jr., a co-conspirator not named as a defendant herein, caused BDO's Outside Law Firm A to delete damaging information from its report for DBO regarding the practices of the Tax Solutions Group, and made false statements about the conclusions of DBO,s Outside Law Firm A to members of the TSG and BDO,s Board of Directors, in order continue and encourage the lucrative sales of BDO,s tax shelters.

t. In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee, Jr., a co-conspirator not named as a defendant herein, caused Skadden Arps to delete damaging information from its report for

BDO regarding the practice of the Tax Solution Group, and made false statements about the conclusions of Skadden Arps to members of the TSG and BDO's Board of Directors, in order to continue and encourage the lucrative sales of BDO's tax shelters.

The charging language of the overt act charged in paragraph bb. reads in relevant part "caused BDO's Outside Law Firm A to delete damaging information" and "made false statements about the conclusions of DBO's Outside Law Firm A to members", where as the charging language of the overat act charged in paragraph t. states in relevant part "caused Skadden Arps to delete damaging information" and "made false statements about the conclusions of Skadden Arps to members".

The Respondant's agrument that overt act "bb" charged in all the other Indictments is actually the same overt act charged in "t" of the Sixth Superseding Indictment must fail. As shown herein above "bb" charges BDO's Outside Law firm A and "t" charges Skadden Arps. Based on the charging language overt act "bb" charges a different overt act from that charged in overtact "t". The Respondant's entire arguments concerning Grounds Four and Five must fail because the charging error shown above invalidates Count One of the Sixth Supereseding Indictment as shown and explained in Daugerdas's 2255 motion and Memorandum Of Law And Facts. Count One of the Indictment must be dismissed. (See copies of paragraphs "bb" and "t" attached hereto as Exhibits A and B ).

POINT III (Responding to Petition Ground 6)

In responding to Daugerdas's claim of ineffective assistance of counsel in Ground Six (6) the Respondant argues "because the premise of his challenge to the timeliness of overt act "t" is wrong his attack on the "relation back" of any of the S3 and S6 indictments is also wrong". (Paragraph 20). Daugerdas's Reply to the Respondant's POINT II arguments concerning paragraphs "t" and "bb" and Exhibits A and B shows the Respondant's arguments concerning Ground Six (6) is an erroneous argument. Daugerdas has shown in his Reply to POINT II that paragraph "t" charged in the Sixth Superseding Indictment is a "new overt act" not charged in any of the other Indictments the substantially broadens the charges in the §371 Conspiracy charged in Count One of the Sixth Superseding Indictment thereby causing Count One Sixth Superseding Indictment to lose its relatedness to any of the other Indictments and starting the running of the five-year statute of limitations on the §371 Conspiracy in Count One on the date of the last overt act which was completed "in or about October 2005". The Sixth Superseding Indictment was filed on July 1, 2013, causing Count One to be brought four (4) years after the five (5) year statute of limitations on the §371 conspiracy had run. Daugerdas's trial counsel Mr. Sklarsy was ineffective for failing to challange the timeliness of Count one which was brought beyond the statute of limitations. Daugerdas was denied a statute of limitations defense.

Count Seventeen of the Sixth Superseding Indictment suffers from the same untimeliness as does Count One of the Sixth Superseding

Indictment. The Mail Fraud charge in Count Thirty-One of the Third Superseding Indictment was re-numbered as Count Seventeen in the Sixth Superseding Indictment. Trial counsel Mr. Sklarsky was ineffective for failing to challenge the untimeliness of Count Seventeen and as a results Daugerdas stands convicted of offenses that were brought beyond the five (5) year statute of limitations. Because the Mail Fraud charged in count Seventeen failed to charge that "Deutsche Bank was a financial institution that was affected by the alleged Tax Shelters" the statute of limitations for Count Seventeen was five (5) years and not ten-years. (See Ground Six, 2255 and Law and Facts Supporting Ground Number Six). In addition Count Seventeen failed to charge a mail fraud offense because it fails to charge any acts of use of mail. (See Ground Seven, 2255 motion and supporting law and facts).

Regardless of the Respondant's frivolous argument based on War Powers Resolution Act 50 U.S.C. §1544(b), Count Seventeen of the Sixth Superseding that charges Mail Fraud fails to charges the necessary essential elements to make out a federal offense.

**POINT IV (Resonding to Petition Ground 7)**

The Respondant's response to Daugerdas's claim in Ground Seven amounts to "fraud on the court". When an Officer of the Court "knowingly" presents a document to the Court that contains fraudulant statements that Officer commits fraud on the Court. Count Seventeen charges Mail Fraud under 18 U.S.C. §1341 and incorperates by reference overt acts charged in the §371 Conspiracy in Count One of the indictment. Count Seventeen incorperates

by reference paragraphs 1 through 58, 63a through 63k, and 64a through 6400, from the §371 Conspiracy charged in Count One. A reading of Count Seventeen and the "referenced overt acts from Count One" reveals that no specific allegations of "use of the mails" are charged as required to make out a federal Mail Fraud Offense. Count Seventeen fails to invoke the district court's subject-matter jurisdiction by failing to charge any specific, identifiable "use of the mails". "Use of the mail is only thing that gives federal court jurisdiction of such offenses as alleged in mail fraud scheme". United States v. Baker, 50 F.3d 122 (2d Cir. 1931). (See Daugerdas's Memorandum of Law And Fact in support of Ground Seven that shows Second Circuit and Southern District of New York case authority supports Daugerdas's claim in Ground Seven). Facts show trial counsel was ineffective for failing to challenge Count Seventeens failure to charge "use of mail".

POINT V (Responding to Petition Ground 9)

The Respondant argues that Daugerdas's **Marinello** argument was procedurally defaulted.

Most important to Daugerdas's **Marinello** claim raised in Ground Nine of his 2255 motion is that the Government (as it must) concedes that the S6 Indictment did not allege, and the jury was not instructed, that Daugerdas knew he was under IRS investigation and that his corrupt acts were intended to impede that investigation. (Paragraph 30, D.Discussion).

Daugerdas's **Marinello** claim cannot be procedurally defaulted in the context of this case. Counts Twelve and Thirteen charging

violations of 26 U.S.C. §7212(a) are fatally flawed because those Counts fail to allege essential elements and specific overt acts that were essential to the finding of guilt in Daugerdas's case. "Failure of the indictment to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal. The absence of prejudice to the defendant does not cure what is necessarily a substantive, jurisdictional defect in the indictment". **United States v. Hoang Van Tran, 234 F.3d 798 (2d Cir. 2002).** In the instant case not only was the indictment fatally flawed but no jury instruction was given that required the jury to find the evidence of the missing essential elements "that Daugerdas knew he was under IRS investigation and that he knowingly took action to impede that investigation". Daugerdas's indictment Counts Twelve and Thirteen omit entire elements of §7212(a) and left nothing for the jury to ratify. "Failure to submit entire element of crime to jury is treated as structural and is reversable error without regards to harm". **Sandstrom v. Montana, 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed 2d 39 (1979).** "If a reviewing court determines that the error is of the structural variety, the court's task is at an end. Structural errors defy analysis by harmless error standards and the existance of a structural error infects the entire trial proceedings. Therefore a per se rule of reversal applies when the structural error is present at trial, even if the record contains overwhelming evidence of guilt". **Peck v. United States, 106 F.3d 450 (2d Cir. 1996).**

The Respondant apparently argues that Marinello is a "new substantive rule of federal criminal law" (Paragraph 28) and cites cases confirming the procedural default rules govern review of claims based on "new substantive rules of federal criminal law. The Marinello decision is not a "new substantive rule of federal criminal law". Marinello is a a statutory interpretation that has full retroactive application on an initial collaterl attack motion under §2255. Marinello interperts the statutory language and elements of 26 U.S.C. §7212 and does not depend upon or announce any novel principle of constitutional law that could have been challegded on direct appeal. The Respondant does not argue that Marinello is not retroactive for Daugerdas's first collateral attack motion under §2255. The Respondant's argument is based on a "new substantive rule of federal criminal law" that can be defaulted if not raised on direct appeal. Contrary to the Respondant's argument Daugerdas's Marinello claim could not have been raised in his direct appeal because it was not a novel constitutional rule of law and was not the law of the federal circuits untill the United States Supreme Court decided exactly what elements and acts under §7212 were essential and necessary to a finding of guilt under that statute. Additionally at the time of Daugerdas's direct appeal the law of the Second Circuit was firmly against and contrary to the Marinello decision.

ACTUAL INNOCENCE

At trial the Government presented no evidence essential to the finding of guilt under the Marinello statutory requirements.

The Respondant argues that "Dugerdas cannot establish his "factual innocence" because the proof adduced at trial demonstrated that Daugerdas was aware of ongoing IRS audit activity and that he took steps to corruptly impede that activity". (paragraph 31). The Respondant gleens, pleasurizes, takes the above language from the **Marinello** decision. The Government did not charge that "required" language in Counts Twelve and Thirteen of the Sixth Superseding Indictment and did not request a jury instruction requiring the jury to find that based on the Government's evidence that they must find beyond a reasonable doubt that "Daugerdas was aware of ongoing IRS investigation and that he took steps to corruptly impede that activity". This is based on the Respondant's own admissions. (See paragraph 30., D. Discussion). The jury instructions given on the Obstruction charges in Counts Twelve and Thirteen are not accurate statements of law necessary for a finding of guilt under 26 U.S.C. §7212. Based on the errors in the Indictment and the jury instructions Daugerdas's conviction on Counts Twelve and Thirteen cannot stand constituional muster and Daugerdas remains "actually innocent" untill proven guilty beyond a reasonable doubt". Contrary to the Respondant's arguments Daugerdas's **Marinello** claim in Ground Nine has not been defaulted.

Mr. Okulas "Affirmation" cites two meetings that were held between Daugerdas's attorneys and the U.S. Attorney's Office in New York on 2/27/2009, and one on 3/3/09 with the DOJ Tax Division representatives in Washington, D.C. where Mr. Sklarsky attended both meetings. I never attended either meeting and have no personal knowledge to what issues were discussed at either meeting. I had to rely on the attorney's including Mr. Sklarsky as to subject matters of the meetings and discussions had. Additionally my signature does not appear on any of the letters Mr. Sklarsky and his legal team submitted to the U.S. Attorney. I fully relied upon the representations of Mr. Sklarsky and his legal team.

SPECIFIC COUNTS BEYOND STATUTE OF LIMITATIONS
WHEN STIPULATIONS WERE SIGNED

The Respondant has requested that Daugerdas identify the four counts that were already beyond the statute of limitations when the first stipulation was signed by Daugerdas on 10/10/2006. Counts 2, 3, 4, 5 and 6 were already beyond the statute of limitations when Mr. Sklarsky advised Daugerdas to sign the Stipulation Agreement on 10/10/2006. (See Exhibit C). Exhibit C shows the filing dates of the returns in Counts 2,3,4,5, and 6 as 4/8/00 that start the running of the statute of limitations on those five counts. The statute of limitations on those five counts is five-years. The Stipulation Agreements were signed on 10/10/2006, Ninteen (19) months after the five-year statute of limitations had run. Mr. Sklarsky was ineffective for advising Daugerdas to waive the statute of limitations on Counts that had already expired.

## EVIDENTIARY HEARING

The motions, fact and records of this case do not conclusively show that Daugerdas is entitled to no relief (2255). Facts are in dispute that need to be resolved specifically Mr. Sklarsky advised Daugerdas to sign the Stipulation Agreements, then Mr. Sklarsky asserts in his Motion To Dismiss Stipulations that Daugerdas's stipulation was not knowingly and voluntary entered and should be voided. Now Mr Sklarsky asserts in his Decleration, that in his opinion Daugerdas understood the stipulations and waivers. Mr. Sklarsky cannot have it both ways, either Daugerdas's stipulation was knowingly or voluntary or it wasn't. The answer to that question is critical to Daugerdas claim that Mr. Sklarsky was ineffective for advising him to sign stipulations extending statute of limitations and waiving any statute of limitations defense. An evidentiary hearing is required on that issue to determine the truth of the matter. Daugerdas's claim of ineffective assistance of counsel if proven would entitle him to relief under §2255 that would be determined by the Court.

Daugerdas respectfully requests the Court grant the relief he seeks in his 2255 motion by voiding the stipulation agreements and vacating his conviction; or in the alternative conduct an evidentiary hearing in the issue presented in his 2255 motion and appoint counsel to represent Daugerdas at said hearing.

Respectfully Submitted

Date 6/13/2018

/Paul M. Daugerdas

## Certificate Of Service

I, Paul M. Daugerdas, swear under penalty of perjury that I have caused to be mailed a copy of Petitioner's Paul M. Daugerdas's Reply To Respondant's Answer To Petitioner's Motion Under 28 U.S.C. §2255, to Stanley J. Okula, Jr., Assiatant United States Attorney, One Saint Andrews Plaza, New York, NY. 10007, this 13TH day of June, 2018. (28 U.S.C. §1746)

Paul M. Daugerdas

## Certificate Of Mailing

I, Paul M. Daugerdas, swear under penalty of perjury that I have caused to be mailed the Original and two copies of Patitioner Paul M. Daugerdas's Reply To Respondant's Answer To Petitioner's Motion Under 28 U.S.C. §2255, to the Office Of The Clerk, Pro Se Inkate Unit, United States District Court, 500 Pearl Street, New York, NY. 10007, by placing said Reply in a legal envelope with sufficient first-class postage attached and caused same to be deposited in the Prisoner's Mail Box at a federal Correctional Institution, this 13TH day of June, 2018. (28 U.S.C. §1746).

Paul M. Dauderdas
#62444-054
U.S. Marion Camp
P.O.Box 1000
Marion, Illinois. 62959

from J&G Short Sale and SOS tax shelters and which substantially reduced the income taxes he and his spouse would otherwise have owed.

bb. In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee, Jr., a co-conspirator not named as a defendant herein, caused BDO's Outside Law Firm A to delete damaging information from its report for BDO regarding the practices of the Tax Solutions Group, and made false statements about the conclusions of BDO's Outside Law Firm A to members of the TSG and BDO's Board of Directors, in order to continue and encourage the lucrative sales of BDO's tax shelters.

cc. On or about November 18, 2000, defendant CRAIG BRUBAKER sent an e-mail to defendant ERWIN MAYER in which BRUBAKER stated the following:

> I had a conf call with [Clients J.S. and C.T.] this am to go over transaction. He's the option trader. He is concerned about risking $30,000 w/ a 30% probability. We talked about lowering the payout, which I said would require your approval, or he suggested a different trade that has a long and short option, but also has a short stock position. I didn't get into the details with him, I suggested since it's your tax opinion, you would have to make the call on a different trade.
>
> I tried to be as blunt as possible what the result was irrespective of the win/lose on the option, but as an option trader, he's focused on the forest not the trees.
>
> I'll ask [the Bank A FX desk salesman] Monday am if he can give me a range of reduced payouts and higher probabilities. He also asked about lowering the premium, I said no.
>
> Just wanted to brighten up your Sunday.
>
> Craig



EXHIBIT-A
(1-page)

s. On or about October 20, 2000, co-conspirator Erwin Mayer signed and filed with the IRS a Form 1040, U.S. Individual Income Tax Return, for the 1999 tax year, for himself and his spouse, on which he claimed $3,971,160 in fraudulent losses derived from J&G Short Sale and SOS tax shelters and which substantially reduced the income taxes he and his spouse would otherwise have owed.

t. In the Fall of 2000, defendant DENIS FIELD and Charles W. Bee, Jr., a co-conspirator not named as a defendant herein, caused Skadden Arps to delete damaging information from its report for BDO regarding the practices of the Tax Solutions Group, and made false statements about the conclusions of Skadden Arps to members of the TSG and BDO's Board of Directors, in order to continue and encourage the lucrative sales of BDO's tax shelters.

u. On or about November 18, 2000, co-conspirator Craig Brubaker sent an e-mail to co-conspirator Erwin Mayer in which Brubaker stated the following:

> I had a conf call with [Clients Eunice Sullivan and Corey Todd] this am to go over transaction. He's the option trader. He is concerned about risking $30,000 w/ a 30% probability. We talked about lowering the payout, which I said would require your approval, or he suggested a different trade that has a long and short option, but also has a short stock position. I didn't get into the details with him, I suggested since it's your tax opinion, you would have to make the call on a different trade.
>
> I tried to be as blunt as possible what the result was irrespective of the win/lose on the option, but as an option trader, he's focused on the forest not the trees.
>
> I'll ask [the Deutsche Bank FX desk salesman] Monday am if he can give me a range of reduced payouts and higher probabilities. He also asked about lowering the premium, I said no.



EXHIBIT-B
(1-page)

| COUNT | DEFENDANTS | CLIENT AND SHELTER TYPE | TAX RETURN | APPROX. FILING DATE OF RETURN | APPROX. AMOUNT OF FRAUDULENT TAX SHELTER LOSSES |
|---|---|---|---|---|---|
| 2 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT G.R.<br>SOS | 1999 1040 | 4/8/00 | $21,823,469 |
| 3 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT K.R.<br>SOS | 1999 1040 | 4/8/00 | $6,431,632 |
| 4 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT B.R.<br>SOS | 1999 1040 | 4/8/00 | $6,431,632 |
| 5 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT J.R.<br>SOS | 1999 1040 | 4/8/00 | $6,431,632 |
| 6 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT D.R.<br>SOS | 1999 1040 | 4/8/00 | $6,431,632 |
| 7 | PAUL DAUGERDAS<br>ERWIN MAYER<br>CRAIG BRUBAKER | CLIENT W.S.<br>SOS | 2000 1040 | 4/15/01 | $14,040,000 |
| 8 | PAUL DAUGERDAS<br>DONNA GUERIN<br>DENIS FIELD<br>ROBERT GREISMAN | CLIENT L.M.<br>SOS | 2000 1040 | 04/15/01 | $9,000,000 |
| 9 | PAUL DAUGERDAS<br>ERWIN MAYER | CLIENT R.S.<br>SOS | 2001 1040 | 04/15/02 | $15,000,000 |
| 10 | PAUL DAUGERDAS<br>DENIS FIELD<br>ROBERT GREISMAN | CLIENT W.H.<br>SOS | 2002 1040 | 10/18/03 | $4,500,000 |
| 11 | PAUL DAUGERDAS<br>ERWIN MAYER | CLIENT C.G.<br>SWAPS | 2001 1040 | 10/11/01 | $4,050,000 |
| 12 | PAUL DAUGERDAS<br>DONNA GUERIN | CLIENT M.C.<br>SWAPS | 2001 1040 | 10/11/02 | $6,885,000 |
| 13 | PAUL DAUGERDAS<br>ERWIN MAYER | CLIENT G.B.<br>SWAPS | 2001 1040 | 10/15/02 | $1,000,000 |



EXHIBIT C
(1-page)

Paul M. Daugerdas
#62444-054
U.S. Marion Camp
P.O.Box 1000
Marion, Illinois. 62959

June 14, 2018

Re: UNITED STATES v. PAUL M. DAUGERDAS, No.s 09 cr 581 (WHP)
18 Civ. 152 (WHP)

Clerk, Pro Se Intake Unit
United States District Court
500 Pearl Street
New York, NY. 10007

Dear Clerk,

Enclosed you will find the original and two copies of Petitioner Paul M. Degardas's Reply To Respondant's Answer Tp Petitioner's Motion Under 28 U.S.C. §2255. Would you please file this pleading for me in the above numbered case. Thank you for your assistance in this matter.

Sincerely yours

Paul M. Daugerdas

Copy: file

Donald Bennett
#84184-132
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160




2018 JUN 19 AM 10:55

⇔84184-132⇔
Clerk Pro Se Intake Unit
500 Pearl ST
U.S. District Court
NEW YORK, NY 10007
United States

Clerk Pro Se Intake Unit
United States District Court
500 Pearl Street
New York, NY. 10007

USM SDNY