**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 4, 2018

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Daugerdas v. United States*, 18 CV 152 (WHP)
              <u>*United States v. Daugerdas*, S6 09 CR 581 (WHP)</u>

Dear Judge Pauley:

      The United States respectfully submits this letter in connection with the pending motion by Petitioner/Defendant Paul M. Daugerdas seeking to vacate his conviction.  In particular, we write to bring to the attention of the Court three recent cases supporting the Government's arguments pertaining to Daugerdas's attack on his conviction under 26 U.S.C § 7212(a) ("the IRS Obstruction Count").

      First, in response to Daugerdas's contention that the IRS Obstruction Count was facially defective because it failed to allege that Daugerdas's corrupt acts were aimed at a pending IRS "proceeding," we pointed out that the Supreme Court's decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018), did not address the validity of Section 7212(a) allegations contained in an indictment.  Rather, *Marinello* held that, in order to sustain a conviction under Section 7212(a) at trial, the Government was required to prove a nexus between the defendant's corrupt acts and a pending IRS proceeding.  (18-CV-152 Docket Entry 32, at 4).  Accordingly, we contended that the "nexus/pending proceeding" requirement was not a separate element that the Government was required to allege in an indictment charging a violation of Section 7212(a).  *Id*.

      Consistent with the Government's contention, two courts have recently held that *Marinello* does not require the Government to allege in an indictment charging a violation of Section 7212(a) that the defendant's corrupt acts were directed at a pending IRS proceeding.  Instead, the "nexus" requirement imposed by *Marinello* is a matter of proof that the Government must establish at trial. *See United States v. Guirguis*, 2018 WL 5270315, at *3 (D. Haw. Oct. 23, 2018) ("The Supreme Court [in *Marinello*] did not find that a nexus is required to be pled in the indictment. Rather, it held that the Government must prove at trial that there is a nexus between the defendant's actions and a specific administrative proceeding."); *United States v. Prelogar*, 2018 WL 5730165, at *2 (W.D. Mo. Nov. 2, 2018) ("The text of *Marinello* sets forth standards 'to secure a conviction,' not to state an offense in an indictment.").  Copies of the decisions in *Guirguis* and *Prelogar* are attached hereto as Exhibits A & B.

  Second, the Government argued in its principal opposition memorandum (18-CV-152 Docket Entry 26, at 26-31), that Daugerdas procedurally defaulted on his challenge to the Section 7212(a) conviction because he failed to argue, in his direct appeal, that a conviction under that statute required the Government to prove at trial a nexus between his corrupt acts and a pending IRS proceeding. In support of that argument, we cited to cases holding that a habeas petitioner cannot satisfy the "cause" prong of the procedural default rule if an argument was available to him at the time of appeal – even if that argument was unacceptable to the governing court of appeals at the time. *Id.* at 28-29.  In *DeJesus v. United States*, No. 17-4127 (2d Cir. Dec. 3, 2018), the Court of Appeals reaffirmed the aforementioned "availability" principle, finding that the habeas petitioner in that case had procedurally defaulted because he failed to raise on direct appeal an argument that numerous defendants had made in other circuits, and one that the Fourth Circuit had already accepted.  The *DeJesus* panel reasoned succinctly: "The fact that other defense attorneys had previously made the same claim that Dejesus now presses supports our conclusion that the argument was in fact available." *Id*., slip op. at 4 (attached hereto as Exhibit C).  The Second Circuit's holding in *DeJesus* reinforces our contention that Daugerdas's challenge to his Section 7212(a) conviction was procedurally defaulted.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney

           By:   /s/Stanley J. Okula, Jr.
                Stanley J. Okula, Jr.
                Stan.Okula@usdoj.gov
                Nanette L. Davis
                Nanette.L.Davis @usdoj.gov
                Special Assistant U.S. Attorneys
                Tel.: (202) 514-2839/8030


cc:  Paul M. Daugerdas (via ECF & U.S. Mail)